JONES *v.* YETMAN.

In replevin, under the R. S. 1843, if the goods specified in the writ were not found or replevied, or were not delivered to the plaintiff, by reason of his failing to give bond, &c., and their value as alleged, and as found by the verdict, was less than 20 dollars, the cause was not within the appellate jurisdiction of the Supreme Court.

*Saturday, December* 16.

ERROR to the *Lagrange* Circuit Court.

STUART, J.—The question to be first settled in this case is the jurisdiction.

It was replevin, commenced before a justice, as long ago as 1846, for a cow and calf, of the alleged value of 18 dollars. It is governed, therefore, by the law of 1843. The justice found the property in the plaintiff, and assessed his damages at 2 dollars.

On appeal to the Circuit Court, the case was tried by jury. Verdict for the plaintiff, *Yetman*, finding the property to be in him, and assessing his damages at 15 dollars. Judgment accordingly. Motions for a new trial and in arrest overruled.

The record does not contain the evidence. There is nothing to show that the plaintiff, *Yetman*, ever gave bond and took the property into possession. Nor, for anything in the record, does it appear that the officer ever took or found the property, or ever had a writ for that purpose. A summons issued on the oath of *Yetman*, is the only process mentioned. The parties appeared in both Courts.

The case has been at least twice before this Court on motion to dismiss for want of jurisdiction. The motion was first made at the *May* term, 1849, and sustained.

The transcript was afterwards re-filed; and at the *May* term, 1850, the motion to dismiss for want of jurisdiction was renewed and overruled.

The case now stands on submission. The question of jurisdiction again comes up on the facts above indicated on the face of the papers.

This suit having originated in the justice's Court, we are to look then, first, for the amount in controversy. The

value of the property is alleged to be 18 dollars. If this is the true criterion of the amount in controversy, this Court has no jurisdiction. No appeal or writ of error lies to this Court in cases originating before a justice, when the amount in controversy is, exclusive of interest and costs, under the sum of 20 dollars. R. S. 1843, p. 628.

To name the action replevin does not, in a justice's Court, necessarily make it so. The nature of the complaint gives character to the action.

From a careful inspection of the whole record, we are inclined to the opinion that the proceedings were had under the 215th and 216th sections of the act regulating the action of replevin before a magistrate, which are as follows:

" SEC. 215. If the goods and chattels specified in any writ of replevin can not be found or replevied, or have not been delivered to the plaintiff, by reason of his failing to give bond as above required, the defendant shall nevertheless be summoned, by virtue of such writ, to appear and answer to the plaintiff's action for the recovery of the value of such property.

" SEC. 216. In the cases specified in the last preceding section, such cause shall be heard and determined before such justice as other actions, and the plaintiff, if he recover, shall be entitled to judgment and execution for the value of such property, or of his interest therein and costs of suit." R. S. 1843, p. 898.

In that view of the case, the alleged value of the property claimed being less than 20 dollars, and the verdict less than that sum, this Court has no jurisdiction. The actual amount in controversy, on this hypothesis, is but 15 dollars, as ascertained by the judgment of the Circuit Court.

The following cases have a bearing more or less directly on the question: *Tripp* v. *Elliott*, 5 Blackf. 168, *Reed* v. *Sering*, 7 *id.* 135, *Bogart* v. *The City of New-Albany*, 1 Ind. 38, *Markin* v. *Jornigan*, 3 *id.* 548.

*Per Curiam.*—The writ of error is dismissed, with costs.

*J. B. Howe*, for the plaintiff.

*R. Brackenridge, Jr.*, for the defendant.