LITTLE and Others *v.* THE DANVILLE AND WHITE LICK PLANK ROAD COMPANY.

In an action begun before a justice of the peace, in which the defendant pleaded affirmative defences, setting up a demand against the plaintiff for over ten dollars, and the cause was appealed to the Common Pleas Court, and judgment rendered there against the defendant for ten cents, and an appeal was taken by him to this Court,

Little and Others *v.* The Danville, &c., Plank Road Co.

the amount stated in his defence before the justice gives jurisdiction to this Court.

In an action by a Plank Road Company to recover toll, the defendant is entitled to establish by proof, in bar of the plaintiff's action, that the plaintiff's right to exact toll had never vested by reason of her failure to perform the precedent conditions upon the performance of which her right to take toll should vest.

APPEAL from the *Hendricks* Common Pleas.

DAVISON, J.—This suit originated before a justice of the peace. The appellee was the plaintiff, and *William* and *Robert Little* were the defendants. The plaintiff in her complaint before the justice alleges, 1. That defendants on, &c., at, &c., did then and there, with intent to defraud the plaintiff, run by her gate, on said road, without paying their toll; they, the defendants, being then and there in, and driving, a four wheeled buggy, drawn by one horse, over the plaintiff's road, and being then and there liable to pay ten cents toll thereon, &c., wherefore the defendants, by force of the statute, &c., have forfeited ten dollars, and an action hath accrued, &c. 2. That defendants are indebted to the plaintiff ten cents for toll upon a four wheeled vehicle, commonly called a buggy, drawn by one horse, and driven by the defendants over and along said road, &c. Wherefore the plaintiff demands 20 dollars, &c. To the second paragraph of the complaint, the defendants answered: That the plaintiff was indebted to them 20 dollars on account of tolls overpaid by them, to her, between the 1st of July, 1856, and the commencement of this suit, wherefore they demand judgment against the plaintiff for 20 dollars, &c.

The justice gave judgment for the defendants. The plaintiff appealed. In the Common Pleas, to which the cause was taken by appeal, there was a verdict in favor of the plaintiff for ten cents. Motion for a new trial denied, and judgment on the verdict. Defendants appeal to this Court.

The appellee contends that, as the judgment appealed from is for a sum less than ten dollars, this Court has no jurisdiction. We think otherwise. The code says: "Appeals may be taken from the Court of Common Pleas and Circuit Court to the Supreme Court, by either party, from all final judgments, except in actions originating before a justice of the peace, or mayor of a city, where the amount in controversy, exclusive of interest and costs, does not exceed 10 dollars." 2 R. S. p. 158, sec. 550. Under a provision of the statutes of 1843, similar to the one just recited, it was held that "the amount in controversy in the Supreme Court settles its jurisdiction." *Tripp* v. *Elliot*, 5 Blackf. 168; *Read* v. *Sering*, 7 *id.* 135; *Bogart* v. *New Albany*, 1 Ind. 38; R. S. 1843, p. 628, sec. 9. What, then, is the amount in controversy in this case? If the purpose of the appellants, in prosecuting this appeal, was simply to be relieved of the payment of the judgment of the lower Court, and that purpose was apparent on the face of the record, this Court, evidently, would have no jurisdiction; because, that being the case, the amount of that judgment would be the only amount in controversy before us. But here the record shows that the defendants filed, before the justice, an affirmative defence, setting up a claim against the plaintiff of 20 dollars, and demanding a judgment against her for that sum. This defence was before the Common Pleas, as a matter of controversy in the suit. The entire case is before this Court on appeal. And the amount stated in the defence must, therefore, be allowed to settle the jurisdiction.

The record does not profess to contain the evidence; but it shows that the defendants, at the proper time, offered to prove by a competent witness, 1. That no part of said road was ever constructed 20 feet wide; 2. That the road had never been opened 40 feet wide. 3. That it was not constructed so as to enable teams and vehicles to pass each other conveniently or otherwise. 4. That no part or parcel of said road

had ever been completed according to the plans and specifications of the charter of the company. These items of evidence were severally offered by the defendants, and severally refused by the Court, and the defendants excepted. Was this exception well taken?

The act incorporating the company was approved February the 12th, 1850, and provides, *inter alia,* as follows: "That the company hereby created shall cause said road to be opened not less than 40 feet wide, nor more than 100 feet wide, and that portion of it constructed of plank shall consist of a permanent single track-plank way, with proper grades and structures of earth on one or both sides of said plank way, to enable teams and vehicles, conveniently, to pass. * * * Such portions as may be McAdamized, or graveled, or of earth, the work shall be not less than 20 feet wide." And "whenever four miles of said work shall be completed by said company, a gate may be erected thereon;" and "after said road shall be completed said company may erect and maintain toll gates at such points, and at such distances from each other as she may deem proper, and the tolls which may be charged upon said road, and payable at the gates erected thereon, shall not exceed the following rates," &c. Local acts 1851, pp. 248, 249, §§ 15, 18.

In view of these statutory provisions, it will be seen that the refused evidence proposed to prove the non-performance of certain conditions, which, it is assumed, the plaintiff was bound to perform in advance of the exercise of any right to erect a toll gate or to collect toll. This position seems to be within a proper construction of the act of incorporation to which we have referred. True, a corporation can not be deprived of its franchises, otherwise than by a direct proceeding in the nature of a writ of *quo warranto.* But here the defence, to which the proposed evidence was intended to be applied, does not seek to divest any vested right to exact toll.

The evidence simply tends to prove that no such right had ever been vested in the plaintiff, because she had not performed the precedent conditions, upon the performance of which it was to vest. Where a corporation undertakes to enforce a claim in a court of justice, performance of a condition precedent, if any exist, to its right to recover in the case made, must be proved. *Brookville, &c., Turnpike Co.* v. *McCarty*, 8 Ind. 392; *People* v. *Kingston, &c., Co.*, 23 Wend. 193, 206; *Middle Bridge, &c.* v. *Brooks*, 1 Shep. 391; *Bonam* v. *Helat*, 10 Ohio 108; 12 Conn. 361; 2 Humph. 467; 8 Ohio 257, 287. We are of opinion that the Court, in refusing the evidence, committed an error.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded.

*L. M. Campbell, P. S. Kennedy*, and *E. Singer*, for the appellants.