QUIGLEY *v.* THE CITY OF AURORA.

PRACTICE.—*Appeal to Supreme Court.*—An appeal to the Supreme Court will not lie from a prosecution by an incorporated city, to recover a penalty for the violation of a city ordinance, where the penalty assessed does not exceed ten dollars.

CITY.—*Statute Construed.*—The imprisonment provided for by section 20 of the act for the incorporation of cities (3 Ind. Stat. 69) is imposed for a failure to pay a judgment for a penalty or forfeiture, and as a means of coercing such payment, and not as a part of the penalty for the violation of a city ordinance.

From the Dearborn Circuit Court.

*J. Schwartz,* for appellant.

*H. D. McMullen,* for appellee.

BUSKIRK, J.—This was a prosecution in the name of the appellee against appellant, for the violation of an ordinance, in committing an assault and battery upon Mary Honan.

The cause originated before the mayor of said city, where the appellant was found guilty. He appealed to the circuit court, where he was again found guilty, and judgment was rendered against him for the sum of one dollar and costs of prosecution.

The appellee has moved to dismiss the appeal, for the reason that the amount involved, exclusive of costs, is only one dollar, and that consequently this court has no jurisdiction of the cause.

It is provided by section 550 of the code (2 G. & H. 269), that appeals may be taken from the courts of common pleas and circuit courts to the Supreme Court, by either party, from all final judgments, except in actions originating before a justice of the peace or mayor of a city, where the amount in controversy, exclusive of interest and costs, does not exceed ten dollars.

If the above section applies to the present case, it is decisive that this court has no jurisdiction of it.

*Bogart* v. *The City of New Albany,* 1 Ind. 38, was a prosecution before the recorder for retailing spirituous liquors with-

out a license from the city. It was held that it was an action of debt to recover a penalty for violating a city ordinance, and as the judgment in the circuit court was only ten dollars, no right of appeal existed. It was held to be a civil suit, and governed by the above quoted section.

The ruling in the above case was adhered to in *Cheny* v. *Shelbyville*, 19 Ind. 84.

*Donovan* v. *The Town of Huntington*, 24 Ind. 321, was a prosecution instituted before the mayor of a town for a violation of a town ordinance; a fine of five dollars was assessed against the defendant, and on appeal to the circuit court a like fine was again assessed; and on appeal to this court, it was held that, as the amount in controversy was less than ten dollars, no appeal would lie. These cases are decisive of the present case. We have no jurisdiction.

The appeal is dismissed, with costs.

## ON PETITION FOR A REHEARING.

BUSKIRK, J.—We are asked to grant a rehearing in this case, upon the ground that it is not a civil but a criminal cause. Section 19 of the city charter, 3 Ind. Stat. 69, gives an action to recover a penalty for the violation of a city ordinance, and provides that the process shall be a warrant, and that the person named therein may be arrested and retained in custody, or under reasonable recognizance, until the next sitting of the city court.

It is also provided by section 20 of said act, that if the penalty or forfeiture, in which judgment is obtained, is not paid or replevied, the defendant may be committed for any period not exceeding thirty days, etc. The section then points out where such person shall be imprisoned, and how he shall work out the judgment. It then provides, that "such defendant may, at any time, replevy and pay such judgment and costs, and in case he has performed labor under such judgment, he shall be entitled to a credit for the same to the amount of labor per-

formed. and the balance may be paid or replevied as afore-said."

It is quite obvious that the imprisonment is imposed for a failure to pay or replevy the judgment, and as a means of coercing the payment of the judgment, and not as a part of the penalty for a violation of a city ordinance. If the imprison-ment was imposed as a part of the punishment, this court would have jurisdiction, because the personal liberty of the party would be involved, which would confer jurisdiction. The appellant was required by the judgment of the court below to pay one dollar and the costs of the action. When this is done the judgment is satisfied, which shows that there is nothing involved in this appeal but the sum of one dollar, exclusive of the costs. The case of *Vonderweit* v. *The Town of Center-ville*, 15 Ind. 447, is not in point. There the appellant was fined ten dollars for maintaining a nuisance, and a judgment was rendered to abate the nuisance. The jurisdiction of this court was sustained upon the ground that the judgment was not confined to the amount recovered, but embraced the judg-ment abating the nuisance.

The petition is overruled.