### THE MORTON GRAVEL ROAD CO. *v.* WYSONG.

SUPREME COURT.—*Jurisdiction.—Amount in Controversy.*—Where the amount sued for before a justice of the peace is more than ten dollars, and the judgment is for the defendant, and the plaintiff appeals to the Supreme Court, the amount in controversy is the amount of the plaintiff's claim, and the court will have jurisdiction.

JURISDICTION.—*Justice of the Peace.*—The jurisdiction of a justice of the peace in an action by a gravel road company to recover tolls, and also for a penalty prescribed by the by-laws of the company, is governed by the general law prescribing the jurisdiction of justices, and the action must be brought in the township where the defendant resides, if there is a competent justice residing therein.

PRACTICE.—*New Trial.*—Finding against a plaintiff in bar, after having found against him on a plea to the jurisdiction, is not a reason for a new trial.

SAME.—*Abatement.*—Where there are issues in abatement and also in bar in the same action, and both are found for the defendant, judgment should be rendered exclusively on the issues in abatement, and not on those in bar.

CORPORATION.—*By-Laws.*—The power to make by-laws resides in the members of a corporation at large, where there is no law or usage to the contrary.

SAME.—A by-law enacted by the directors of a gravel road company, regulating the payment of tolls and prescribing a penalty for violation of the by-law, is invalid.

GRAVEL ROAD.—*Liability for Toll.*—A person who travels on a gravel road, between toll-gates, who does not reside on or near the line of the road, and who at the time is not passing thereon about his premises for common and ordinary business, is liable for toll on demand being made for the same, though he does not pass through a toll-gate.

The Morton Gravel Road Co. *v.* Wysong.

From the Putnam Circuit Court.

*M. A. Moore* and *G. C. Moore*, for appellant.

*D. E. Williamson* and *A. Daggy*, for appellee.

DOWNEY, J.—A motion is made in this case by the appellee to dismiss the appeal for want of jurisdiction. The amount for which the action was commenced was thirty-one dollars, and the action originated before a justice of the peace. The judgment before the justice was for three dollars and twelve cents. On appeal, in the circuit court, judgment was rendered for the defendant. In actions originating before a justice of the peace or mayor of a city, this court has no jurisdiction, where the amount in controversy, exclusive of interest and costs, does not exceed ten dollars. 2 G. & H. 269, sec. 550. Where the plaintiff's claim is for more than ten dollars, whatever may have been the judgment of the justice of the peace, and his recovery on appeal to the circuit court does not exceed ten dollars, it seems to have been held that this court has no jurisdiction. In such cases the amount of the judgment on appeal, in the circuit court, is held to be the amount in controversy here. *Bowers* v. *The Town of Elwood*, 45 Ind. 234; *Moffitt* v. *Wilson*, 44 Ind. 476; *Jones* v. *Yetman*, 6 Ind. 46; *Reed* v. *Sering*, 7 Blackf. 135; *Tripp* v. *Elliott*, 5 Blackf. 168; *Quigley* v. *City of Aurora*, 50 Ind. 28. But what is the rule where the amount sued for before the justice, etc., is more than ten dollars, where the judgment before the justice is for the plaintiff, and on appeal to the circuit court, the judgment is for the defendant, and the plaintiff appeals to this court? What is the amount in controversy, in this court, in such a case?

In *Webb* v. *Thorpe*, 12 Ind. 451, it does not appear what the amount of the plaintiff's claim was before the justice of the peace.

In *Bogart* v. *The City of New Albany*, 1 Ind. 38, the point was ruled against the jurisdiction of the court. The learned judge who wrote the opinion says:

"In the case before us, though the plaintiff claims more

than twenty dollars in her declaration, yet she recovered but ten, and with that amount she is content. The defendant claims the allowance of no set-off rejected below, and only seeks in this court to obtain a decision that shall relieve him from the payment of the judgment of ten dollars. This amount does not give us jurisdiction, and the writ of error must be dismissed." Yet this case is cited as authority in the case in 12 Indiana. It was clearly a case not at all in point.

In *Beach* v. *Livergood*, 15 Ind. 496, the amount claimed before the justice of the peace by the plaintiff was twenty-five dollars, and the plaintiff had judgment there for one dollar and seventy-five cents. On appeal to the common pleas, that court dismissed the action, and the plaintiff appealed to this court.

In his opinion, HANNA, J., said : " Here the amount sued for exceeds ten dollars. The recovery below, after an appeal, did not limit the plaintiff to the sum so recovered; but if he had recovered judgment in the Court of Common Pleas, it might have been for the amount so demanded: so that amount was really in controversy." Believing this to be the correct rule in such cases, we follow it, and overrule the motion to dismiss the appeal.

The action was to recover for tolls for the use of the plaintiff's road by the defendant, and also the amount of a penalty prescribed by a by-law of the plaintiff, which it was alleged the defendant had violated. The action was not commenced in the township of the county in which the defendant resided, but was commenced before a justice of the peace of Russell township, while the defendant resided in Clinton township, and there was a competent justice in this township. The defendant made default before the justice of the peace.

In the circuit court, the cause was tried upon an agreed statement of facts, and there was a finding for the defendant, both on the matter relating to the jurisdiction of the justice, and also on that relating to the matter in bar of the action. The plaintiff moved the court for a new trial, which motion

was overruled, and there was judgment for the defendant, that the plaintiff take nothing by his action, and that the defendant recover of him his costs, etc.

The question, so far as it relates to the jurisdiction of the justice of the peace, depends upon the following statutes:

Section 17 of the Plank Road Law, under which the plaintiff claims to have organized, gives the company remedy by "an action of debt before any justice of the peace of the county where the offender may be found," for the penalty given by that section. This law was approved May 12th, 1852, and by an emergency clause went into force at that date.

The act relating to the jurisdiction, etc., of justices of the peace, 2 G. & H. 576, was approved on the 9th day of June, 1852, and having no emergency clause, did not, probably, go into force until the general distribution of the revised statutes of 1852. The ninth section of this act provides that the jurisdiction of justices in civil cases shall, unless otherwise provided by law, be limited to their townships respectively.

Section 13, as amended in 1861, is as follows: "No person who is a resident of any township in this State shall be sued out of said township, except as specified in the above mentioned acts, unless said suit is commenced by a *capias ad respondendum*, or when there shall be no justice competent to act in such township."

The action for recovery of tolls, or for the statutory penalty for not paying the same, is a civil action, and must be governed by the rules applicable in other civil actions. If it be conceded that the legislature may make different rules governing the territorial jurisdiction of justices of the peace, in cases of this kind, from that which prevails generally in other cases, still it appears to us that the sections referred to in the act relating to the jurisdiction of justices of the peace, being later than that part of the plank road law in question, must govern the case.

It was urged, as a reason for a new trial, that the court had erred in finding against the plaintiff in bar, after finding

against him on the question of jurisdiction. Had this question been presented in some other form, it might have been urged here with better success. But we cannot regard it as any reason for a new trial. It should, probably, have been presented as a motion in arrest of that part of the judgment in bar. Where there are issues in abatement and also in bar in the same action, and both are found for the defendant, it seems to us now that judgment should be rendered exclusively on the issues in abatement, and not on those in bar.

The remaining question has reference to the sufficiency of the evidence to sustain the finding of the court against the plaintiff in bar of the action. The case was tried upon an agreed statement of facts, as follows:

"To facilitate a trial in this cause, the parties submit the same on the following agreed statement of facts, as evidence herein: The defendant, Wysong, is a resident of Clinton township, Putnam county, Indiana, and there is in that township a justice competent to act and try this cause. This case was commenced and heard and tried below before a justice of Russell township, the defendant being served with process and making default in said cause. The plaintiff is a corporation duly organized, and has built and maintained and controls a gravel road from the point in said county at or near the northwest corner of section eight, township fifteen, range four west, where the Danville and Rockville road crosses the Greencastle and Crawfordsville gravel road, westward on the line and bed of the Danville and Rockville road to the point on the line between the counties of Putnam and Parke where said Danville and Rockville road crosses said line. Said road is in repair and being operated. The plaintiff has a toll-house at the town of Morton, on their said road. This toll-house is situated immediately south of the gravel road, on the line thereof, and immediately east of the Greencastle and Russellville road, which at this point crosses said gravel road. Diagonally across the gravel road northwest from said toll-house is a country store. At the toll-house plaintiff has a toll-gate across the road. Also at the west of the town

plaintiff has a fall across the road. At said toll-house are kept posted up the rates of toll and the rules, ordinances, and by-laws of the company, for the control, management, and government of the road. The company has passed, and the same is duly recorded among the company records and kept posted at said toll-house, a by-law and ordinance, a copy of which is made part of the agreement. The defendant, Wysong, lives west of said town of Morton, near the line of plaintiff's road, and in going to and returning from said store, uses and travels over one mile of said road, but does not pass said gate, making two miles going to and returning from Morton. Before the commencement of this suit, the defendant, Wysong, on four distinct occasions in the year 1873, travelled over said mile of road with one horse, defendant being a horseback, but did not either time pass through said gate at the said toll-house. On each of said occasions, the agent of plaintiff, keeper of the gate, demanded of defendant toll for use of said road, which he refused to pay, and stated to plaintiff's agent and to J. C. McNorton that he would not pay said toll until compelled by law. Plaintiff's rates of toll are as follows." Here is stated the rates of toll, and, among others, for every horse and rider, one and a half cents per mile. "And toll, at said rate, for one horse and rider was demanded each time and refused; but on neither of said occasions had defendant passed through the gate at the toll-house aforesaid, plaintiff's demand for toll being for use of said road between the gates thereon. The defendant does not own any land on said gravel road, nor does he reside thereon. His lands and where he resides are at no point nearer than half a mile of said road, and are at least a mile and a half from said toll-gate. Defendant did not at any time report amount of his tolls at the gate, nor on either of said occasions did he pass through any gate on said road, but passed over one mile of said road to said store and return."

The ordinance or by-law referred to in the agreement of facts is as follows: " Be it ordained by the directors of the Morton Gravel Road Company, that each and every person

who travels on or uses the said company's road, or any part thereof, without passing through any gate or gates thereon, are and shall be liable to said company for tolls on animals and vehicles at the same rate and in the same manner as persons who travel on said road and pass through the gate or gates thereon; and every person so using said road, or any part thereof, without passing the said gate or gates, shall be and hereby are required to keep correct accounts of time and distance travelled, and the kind and number of vehicles and animals, and report and pay the toll for same to the company at the most convenient gate: *Provided*, that this ordinance shall not apply to persons residing on or near said road who use the same about their premises between the gates thereon for common and ordinary purposes.

" Any person violating this ordinance, or any provision thereof, shall forfeit and pay to said company the sum of three dollars, to be recovered as by law authorized."

By the fifteenth section of the act, as amended in 1853, such companies have power to make, enact, and publish any and all ordinances and by-laws which they may deem proper, not inconsistent with the laws of this State, in order to regulate the travel upon such road, and the rules to be observed by persons in meeting or passing with teams and vehicles, and all other matters, including the time and place of holding elections. Such rules, as well as toll-rates, shall be placed in full view, in legible and large letters upon each toll-house of the company.

Any person violating any ordinance or by-law made by such company shall forfeit and pay to such company any sum not exceeding one hundred dollars, to be sued for and collected by such company, in an action of debt, before any justice of the peace of the county where the offender may be found.

The seventeenth section of the act reads as follows: " If any person or persons using any part of such road shall, with intent to defraud such company, pass through any private gate or bars or along any other grounds near said road, to

avoid any toll-gate, or shall make any untrue statement as to the distance he or they may have travelled or intend to travel on the road, or shall practice any fraudulent means and thereby lessen or avoid the payments of tolls, or shall refuse to pay the toll he is bound by law to pay, or shall run by the gate without paying his toll, with intent to defraud the company, or if any person or persons shall haul upon any part of such road leading to any point or points to which he or they may be hauling, and shall pass through or along any other road or roads to get to such point or points without first paying his or their toll, with intent to defraud such company, each and every person concerned in such fraudulent practice shall, for every such offence, forfeit and pay to such company three dollars, which shall be recovered in the name of the company in an action of debt before any justice of the peace of the county where the offender may be found : *Provided*, nothing herein contained shall prevent persons residing in or near the line of said road from passing thereon between the gates, about their premises, for common and ordinary business."

Section 13 of the act, as amended in 1855, reads as follows : " Whenever three consecutive miles of such road shall have been completed, or if the whole of said road shall be less than three miles in length, then, in such case, when the whole of such road shall be completed, the directors of such company may erect toll-gates, at such points and at such distances from each other as they may deem it proper, and exact toll from persons travelling on the road, and the tariff of tolls shall not exceed the following rates." Here follows the tariff of tolls.

With reference to the by-law of this corporation, set out in the agreement of facts, it may be remarked, that it was passed or adopted by the directors of the corporation, and not by the company, and the question arises, therefore, whether the directors could legally pass the by-law, supposing it to be one which in other respects might be legally enacted. The fifteenth section, to which we have already referred, gives the power to make by-laws to the company. Its language is,

"Such company may fill all vacancies occurring in their board of directors, by resignation or otherwise, by the remaining directors, at any of their meetings, and may make, enact, and publish any and all ordinances and by-laws which they may deem proper," etc. While the company may fill vacancies by the remaining directors, the directors are not empowered to enact by-laws. This must be done by the corporators, or company. Omitting the part of the language quoted which relates to filling vacancies, the remaining part reads as follows: "Such company may * * * * make, enact, and publish any and all ordinances and by-laws," etc.

This is in conformity to the statute on the subject, entitled "an act establishing general provisions respecting corporations," 1 G. & H. 267, sec. 2 of which provides that "corporations shall, where no other provision is specially made, be capable, in their corporate name, * * * * to make necessary by-laws," etc.

The power to make by-laws resides in the members of the corporation at large, where there is no law or valid usage to the contrary.

In Angell & Ames on Corp., sec. 327, it is said: "Unless by the charter, or some general statute to which the charter is made subject, or by immemorial usage, this power is delegated to particular officers or members of the corporation, like every other incidental power, it resides in the members of the corporation at large, to be exercised by them in the same manner in which the charter may direct them to exercise other powers or transact their general business; and if the charter contain no such direction, to be exercised according to the rules of the common law," etc. We must therefore treat the by-law in question as invalid, and as having nothing to do with the question to be decided.

What remains to be decided, then, is, do the facts show that Wysong was liable to the company for tolls in any amount for using its road? That he travelled on and used the road is shown by the agreed facts. He used and trav-

The Morton Gravel Road Co. *v.* Wysong.

elled over the road for a distance of one mile and return on four distinct occasions, in the year 1873, not, however, passing through any gate. Toll for this travel, at the legal rate, was demanded of him by the gate-keeper on each occasion, which he refused to pay. We do not think he comes within the proviso to the seventeenth section, so as to be exempt thereby from paying tolls. Only those persons are exempted by that proviso who reside " in or near the line of the road, and who pass thereon between the gates, *about their premises*, for common and ordinary business." The defendant did not and could not use the road " about his premises," for his premises did not extend to the road, by the distance of half a mile. On the contrary, he used the road for travel to and from the store, a distance of one mile from the point where he reached the road.

The only question remaining is this: Is the defendant exempt because in his travel he did not pass through a gate on the road? We think he is not. The rate of toll is fixed at so much per mile, and the obligation to pay is not made to depend upon the fact whether the traveller shall pass through a gate or not. The company had completed the road and put up gates, and was therefore entitled to charge and collect tolls.

We are not required to decide in this case upon the question whether the party using the road, without passing a gate, must carry the money to the gate-keeper or not, inasmuch as in the statement of facts it is admitted that the gate-keeper went to the defendant and demanded the money of him for the tolls.

The judgment is reversed, as to the judgment on the merits of the case, with costs, and the cause remanded, with instructions to render judgment for the defendant for want of jurisdiction of the justice of the peace.