## DAILEY v. THE CITY OF INDIANAPOLIS.

SUPREME COURT. —*Jurisdiction.* — *Action Commenced Before Mayor.* — The Supreme Court has no jurisdiction of an appeal in an action commenced before the mayor of a city to recover a penalty for a violation of a city ordinance, where the amount in controversy in such appeal, exclusive of interest and costs, does not exceed ten dollars.

From the Marion Civil Circuit Court.

*J. W. Gordon,* for appellant.

*C. Byfield,* for appellee.

HOWK, J. — This was an action commenced before the mayor of the city of Indianapolis, to recover a penalty for an alleged violation of a city ordinance. The trial before the mayor resulted in a finding in favor of appellee, and the assessment of a fine against the appellant in the sum of five dollars. From the judgment of the mayor appellant appealed to the court below. In this latter court a trial was had, which also resulted in a finding in favor of appellee and a judgment against appellant for the sum of five dollars, the fine assessed, and the costs of the action. From this judgment of the court below the appellant has appealed to this court, and has assigned on the record several alleged errors.

But the question which meets us on the threshold of this case is this: Has this court jurisdiction of this cause?

Section 550 of the Practice Act provides, among other things, as follows:

"Appeals may be taken from the courts of common pleas and the circuit courts, to the Supreme Court, by either party, from all final judgments, except in actions originating before a justice of the peace, or mayor of a city, where the amount in controversy, exclusive of interest and costs, does not exceed ten dollars." 2 Rev. Stat. 1876, p. 238.

This provision of our code has received a judicial construction by this court, in the case of *Bogart* v. *The City of New Albany*, 1 Ind. 38, which is directly in point. In that case, the learned judge who wrote the opinion of the court used this language:

"In the case before us, though the plaintiff claims more than twenty dollars in her declaration, yet she recovered but ten, and with that amount she is content. The defendant claims the allowance of no set-off rejected below, and only seeks in this court to obtain a decision that shall relieve him from the payment of the judgment of ten dollars. This amount does not give us jurisdiction, and the writ of error must be dismissed." See, also, to the same effect, the cases of *Tripp* v. *Elliott*, 5 Blackf. 168; *Reed* v. *Sering*, 7 Blackf. 135; *Jones* v. *Yetman*, 6 Ind. 46; *Moffitt* v. *Wilson*, 44 Ind. 476; *Bowers* v. *The Town of Elwood*, 45 Ind. 234; and *Quigley* v. *The City of Aurora*, 50 Ind. 28.

Following in the line of these authorities, the appeal in this action is dismissed, for want of jurisdiction, at the costs of the appellant.