## SHRIVER v. BOWEN.

JUDGMENT.—*Set-off.*—A judgment rendered against a defendant who has pleaded a set-off is one, in effect, for the amount of both judgment and set-off.

SUPREME COURT.—*Jurisdiction.*—*Appeal.*—*Action Originating before Justice.*— Prior to the taking effect of the act of March 14th, 1877, (Acts 1877, Spec. Sess., p. 59,) amending section 550 of the practice act, where set-off was pleaded in an action originating before a justice of the peace, the party against whom judgment was rendered might appeal to the Supreme Court, though such judgment was for less than ten dollars, if the amount of the judgment and his own claim exceeded that sum.

VENUE, CHANGE OF.—*From Judge, after from County.*—A party to an action is not precluded from taking a change of venue from the judge, by the fact that he has theretofore taken a change from the county.

From the Marshall Circuit Court.

*D. Turpie, H. D. Pierce, H. B. Jamison* and *I. Connor,* for appellant.

*M. D. White* and *LaRue & Everett,* for appellee.

PERKINS, C. J.—This suit was commenced before a justice of the peace, on an account as a cause of action, for nine dollars and a half.

The defendant answered by way of set-off, amounting to seventeen dollars, and claimed judgment in his favor against the plaintiff.

Judgment before the justice for the plaintiff.

Appeal to the circuit court. Judgment in that court for the plaintiff for a fraction over eight dollars. This amounted, in effect, to a judgment against the defendant for a little over twenty-five dollars. This gave the Supreme Court jurisdiction at the time the appeal was taken, to wit, June 13th, 1876. *Little* v. *The Danville, etc., P. R. Co.,* 18 Ind. 86; *Dailey* v. *The City of Indianapolis,* 53 Ind. 483. It would have been otherwise, had the appeal been taken by the plaintiff; but, had the judgment been for the defendant on his set-off, the plaintiff might have appealed.

The case was appealed to the Fulton Circuit Court. A change of venue was taken from that to the Marshall Circuit Court, on account of prejudice on the part of the people of the county.

In the Marshall Circuit Court, a legal affidavit was filed by the defendant for a change from the judge, which was refused on the ground that the party had had one change of venue.

This court has decided, that the statute allowing but one change of venue means but one each of the kinds allowed by the statute; for example, one for undue influ-

ence, etc., of a party in the county, and one on account of prejudice of the judge.

The judgment is reversed, with costs, and the cause remanded.