Bowlus *et al. v.* Brier *et al.*

No. 9879.

BOWLUS ET AL. *v.* BRIER ET AL.

SUPREME COURT.—*Jurisdiction.*—*Appeal.*—In a cause begun before a justice
of the peace, wherein the plaintiff recovered $40, and the defendant had
pleaded a counter-claim for $50, the amount in controversy on appeal
by the defendant to the Supreme Court is $90, exclusive of costs, and the
Supreme Court has jurisdiction under the statute, R. S. 1881, sec. 632.

SAME.—*Error.*—*Assignment.*—An assignment of error, that the court erred
in rendering judgment against the appellant, not being specific, presents
no question in the Supreme Court.

PLEADING.—*Negligence.*—In a complaint for an injury not resulting from
negligence, it is not necessary to aver that there was no negligence by
the plaintiff.

JUDGE PRO TEM.—*Repeal of Statute.*—Section 4 of the act of 1855, 2 R. S.
1876, p. 11, so far as it authorizes a judge to appoint a judge pro tem.
in cases where the regular judge is unable to be present during a part of
a term which he has begun, is not repealed by the laws of 1881.

EVIDENCE.—In fixing the difference in value of a horse at a particular
time, as compared with a period a few weeks before, when he was in-
jured, a witness may be asked to state the difference.    If the season of the
year would cause depreciation it should be shown by cross-examination.

From the Warren Circuit Court.

*J. McCabe* and *E. F. McCabe,* for appellants.

*J. M. Rabb* and *C. V. McAdams,* for appellees.

BLACK, C.—This was an action commenced before a justice
of the peace by the appellees against the appellants, the com-
plaint alleging, in substance, that the defendants hired of the
plaintiffs, who were keepers of a livery stable, a team of two
horses and a buggy, to be driven by the defendants from the
town of Williamsport to the city of Crawfordsville, a dis-
tance of twenty-eight miles; that pursuant to said hiring the
plaintiffs entrusted said team and buggy to the defendants for
said use; that said horses, while so in possession of defend-
ants, were by them, or by others with their permission, so un-
lawfully neglected and abusively driven and cared for that
they were greatly injured, and rendered wholly unfit for use
in the business of the plaintiffs for the space of three weeks,

to the damage of the plaintiffs $50 ; and that the market value of said team was by said abuse and negligence greatly impaired, to the damage of plaintiffs $100 ; and judgment was demanded for $150.

The appellants filed a counter-claim, wherein they stated a contract of hiring and the performance of its conditions on their part, and that the appellees, in violation thereof, with the fraudulent intent of making appellants liable for the damages claimed in the complaint, let out and hired to the appellants a team of horses so sick, lame and diseased as to be wholly unfit for the use of the appellants under said agreement; whereby appellants were put to great inconvenience, delay and expense, and suffered great humiliation, and were compelled to bestow a great amount of time and attention upon said horses, to their damage $50, for which they demanded judgment.

Upon a trial by jury there was a verdict for the appellees for $35, for which the justice rendered judgment. On appeal to the circuit court a trial by jury resulted in a verdict for the appellees for $40, and judgment was rendered accordingly.

The record shows that Hon. Thomas F. Davidson, the regular judge of the court below, was in attendance and presided in said court in the first week of the term at which the trial was had, and made an order in this cause; but when the trial was had, and the judgment rendered, in the second week of the term, the court was presided over by Hon. Isaac E. Schoonover, judge *pro tempore*, whose appointment, with his oath of office, was filed by him and entered of record on the Monday of the second week of the term, the 31st of October, 1881. The appointment was as follows:

"STATE OF INDIANA, WARREN COUNTY, ss.:

"I hereby appoint Isaac E. Schoonover, a reputable practicing attorney of the Warren Circuit Court, to hold said court during the second week of the October term, 1881, on account of my inability to be present and hold said term during said week. Dated October 29th, 1881.

" THOMAS F. DAVIDSON, Judge Warren Circuit Court."

In the third week of the term the appellants, before the regular judge, moved for a new trial, and the motion was overruled.

Appellants have assigned as errors that Mr. Schoonover had no authority to preside at the trial; that the complaint does not state facts sufficient to constitute a cause of action; that the court erred in overruling the motion for a new trial; and that it erred in rendering judgment against the appellants.

The appellees have filed a motion to dismiss the appeal, stating as reasons, first, that this court has not jurisdiction thereof, and, second, that the action originated before a justice of the peace, and the amount in controversy, exclusive of interest and costs before said justice, did not exceed $50.

Under section 632, R. S. 1881, an appeal may not be taken to this court from the circuit court or superior court by either party, from a final judgment in an action originating before a justice of the peace, where the amount in controversy, exclusive of interest and costs, does not exceed $50. It is the amount in controversy in this court that settles the question of its jurisdiction. *Little* v. *Danville, etc., Co.,* 18 Ind. 86; *Morton, etc., Co.* v. *Wysong,* 51 Ind. 4.

The plaintiffs, being content with the judgment for $40 rendered in their favor, and the appeal to this court being taken by the defendants, that sum would be the amount in controversy, and this court would have no jurisdiction, were there no set-off or counter-claim pleaded. But the defendants pleaded a counter-claim for the sum of $50; and the amount of the sum for which judgment was rendered and the sum so demanded by the counter-claim, namely, $90, must be regarded as the amount in controversy, within the meaning of the statute. *Little* v. *Danville, etc., Co., supra; Hutts* v. *Williams,* 55 Ind. 237; *Shriver* v. *Bowen,* 57 Ind. 266; *Parsley* v. *Eskew,* 73 Ind. 558. And for the application of this rule it is not necessary to determine the question suggested by counsel in this connection, as to whether the facts stated in the answer con-

stituted proper matter for counter-claim; for, if we should decide that they did not, we could not, therefore, say that the amount ·demanded by the pleading is not in controversy between the parties in this court.

The assignment that the court erred in rendering judgment against the appellants does not fulfil the requirement that the assignment.shall be specific. Busk. Prac. 111.

The objection urged against the complaint is that it does not allege that the plaintiffs were without fault, and that the horses were able to perform the journey.

An averment of want of contributory fault on the part of the plaintiff is necessary only where the action is for negligence, without any direct, positive, affirmative fault on the part of the defendant. *Roll* v. *City of Indianapolis*, 52 Ind. 547; *Coon* v. *Vaughn*, 64 Ind. 89. The complaint before us contained such a charge of positively improper conduct on the part of the defendants as to render unnecessary the averments suggested by appellants.

The only objection in the court below to the authority of the judge *pro tem.* was made in the motion for a new trial, the first cause assigned therein being that he had no power or authority to preside, and that this fact was unknown to the defendants, or either of them, or either of their attorneys, until the filing of said motion; and the second cause being that said Schoonover had no power or authority to preside and conduct the trial as judge, because no change of venue in said cause had been taken from the regular judge, and the latter had no power to appoint on account of his own inability to be present the second week of the term, which was unknown to the defendants, or either of them, or either of their attorneys, at the time.

Under the cases of *Zonker* v. *Cowan*, 84 Ind. 395, and *State, ex rel.*, v. *Murdock*, 86 Ind. 124, the authority of the judge *pro tem.* must be sustained, unless the provision of section 4 of the act of March 1st, 1855 (2 R. S. 1876, p. 11), held in those cases to authorize such an appointment, was repealed by the

legislation of 1881, which was in force when this appointment was made.

Some of the circumstances or situations, but not all, provided for by said section 4, were provided for by section 3 of the act of March 7th, 1877 (Acts 1877, Reg. Sess., p. 28) ; and it was held in the cases just referred to that said section 4 was not repealed prior to the legislation of 1881, except so far as said section 3 was inconsistent therewith.   There is no provision relating to circuit courts authorizing such an appointment as was made in this case in the code of 1881, or in the Revised Statutes of 1881.   There is no repeal by the legislation of 1881 of the provision of section 4 of said act of 1855, authorizing such appointment, by express reference to that statute or to said provision.

The last section of the civil code of 1881 (sec. 867), being sec. 1291, R. S. 1881, provides that "All enactments of the General Assembly on the subject of the competency of witnesses to testify, and all such enactments on the subject of pleading and practice, so far as they relate to circuit and superior courts, except as to pleadings in cases from inferior courts, are hereby repealed."

It is claimed on behalf of the appellants that the provision of said section 4 of the act of 1855, authorizing the appointment here made, is an enactment on the subject of practice; and that, therefore, it was repealed by said section 867.   The word "practice," in the sense in which it is used in said section, is defined by Bouvier as "The form, manner, and order of conducting and carrying on suits or prosecutions in the courts through their various stages, according to the principles of law and the rules laid down by the respective courts."

Whatever may be said of a provision for a change from the judge in a particular case, we think that a provision for the appointment of a judge to preside in a court and conduct its business generally, can not properly be called an enactment on the subject of practice.   It relates to a matter with which parties or attorneys in particular actions have nothing to do,

and pertains rather to the formation of the court, like a provision for the election of a judge.   There has been, then, no express repeal of the provision of the act of 1855; under which the appointment was made.   It is claimed that in the civil code of 1881 the Legislature revised the subject-matter of the former statutes relating to the appointment of judges *pro tempore,* and that the omission of the provision in question works its repeal by implication.

Said section 3 of the act of 1877 was, in substance, re-enacted by section 261 of the code of 1881, being section 1381, R. S. 1881; but otherwise no provision is made in that code covering subject-matter embraced in said section 4; and the enactments on the subject stand substantially as before the legislation of 1881.

It is a familiar principle that the law does not favor repeals by implication, and they will not be adjudged to occur unless they are inevitable, or the Legislature plainly means them. Such legislative intent is never presumed *prima facie. Furman* v. *Nichol,* 3 Cold. 432.   If two acts in seeming conflict can be reconciled by any fair construction, so that both may stand, they must be so reconciled; and if there is but a partial repugnance, then there is a repeal of the earlier by the later statute only to the extent of the repugnance.

Where by a statute there is a revision of the whole subject-matter of a former statute, or of former statutes, the earlier enactments are repealed so far as it appears that it was the intention of the Legislature to repeal them.   The revision repeals by implication so far as it is repugnant to the old law, or when it is evidently intended by the Legislature as a substitute; but this intention must be ascertained from the words of the statute, "and not from any general inferences to be derived from the nature of the subject with which it deals." Bishop Written Laws, section 158; *Water Works Co.* v. *Burkhart,* 41 Ind. 364, 383.

Here the revision does not cover the whole subject-matter of the former statutes.   There is an incorporating into the

code and re-enactment in substantially the same terms of a partially repugnant statute, which does not operate to break its continuity; but a portion of the subject-matter of said section 4 is not covered by the code of 1881 to any greater extent than before the codification the provisions of that section were covered by section 3 of said act of 1877. If the provisions of said section 4 were not wholly repealed by the partial repugnancy of the act of 1877, they are not wholly repealed by the partial repugnancy of the code of 1881.

The question is not what would seem to be more symmetrical, but what has been enacted, that by the established rules of interpretation requires us to say there has been a repeal. We do not find that there has been such legislation.

There was a conflict in the evidence, but it plainly tended to sustain the verdict.

Over objections of the defendants the court permitted the plaintiffs to ask certain witnesses what was the difference between the market value of the horses when the defendants took them out of the stable and when they had so far recovered as to be able to be used.

The only objection to this question urged here is, that it did not take account of the annual fall depreciation in the value of all stock that requires feeding through the winter. If, in the absence of evidence on the subject, it could be presumed that there was such a general depreciation as suggested in the two weeks during which the horses could not be used, it is plain that the witnesses understood the question to refer to depreciation caused by the injury to the horses which was the ground of the action, and about which they had been testifying; and that the appellants were not injured by the form of the question.

We find no available error in the record.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment be affirmed, at the costs of the appellants.

Petition for a rehearing overruled.