Filed November 1, 1883.

---

No. 10,680.

## THE WAYNE PIKE COMPANY v. BOSWORTH.

GRAVEL ROADS.— By-Laws.— Non-Payment of Toll.—A gravel road company has no power, under section 3642, to fix a greater penalty for the non-payment of tolls than $3, which is fixed by section 3644.

From the Adams Circuit Court.

*J. W. Headington* and *J. J. M. LaFollette*, for appellant.
*T. Bosworth* and *O. H. Adair*, for appellee.

BICKNELL, C. C.—This was an action by the appellant against the appellee for travelling upon the appellant's gravel road and refusing to pay toll therefor.

It was commenced before a justice of the peace of Jay county; the complaint was in two paragraphs, the first of which claimed a forfeiture of $100, and the second claimed a forfeiture of three dollars.

The justice rendered judgment for the plaintiff for three dollars and four cents.

The defendant appealed to the Jay Circuit Court.

The plaintiff took a change of venue to the Adams Circuit Court, on account of alleged local prejudice, and then objected to the judge of that court on account of his alleged prejudice, and the cause was tried before Judge Lowry, of the superior court of Allen county.

The defendant's answer was in three paragraphs:

1st. The general denial.

2d. That a bridge on the plaintiff's road was, and for six months had been, out of repair and dangerous. This was sworn to.

3d. That defendant's residence is on the plaintiff's road, which passes over eighty acres of defendant's land; that in said travelling, the defendant was returning from church on Sunday, and did not pass through any toll-gate.

The cause was tried by the court who found for the defendant. The plaintiff moved for a new trial, alleging that the finding was contrary to law, contrary to the evidence and unsustained by sufficient evidence.

This motion was overruled, judgment was rendered on the finding and the plaintiff appealed.

The only error assigned is overruling the motion for a new trial.

The statutory provisions, regulating suits for penalties by gravel and other roads, are as follows: Whenever three consecutive miles of such road are completed, or whenever the entire road is completed, if it be less than three miles in length, the directors of such company may erect toll-gates at such points and at such distances from each other as they may deem proper, and exact toll from persons travelling on the road, not exceeding $2\frac{3}{4}$ cents per mile for every vehicle drawn by two horses, etc. R. S. 1881, section 3640. Such company may make, enact and publish any and all ordinances and by-laws which they may deem proper, not inconsistent with the laws of this State, in order to regulate the travel upon such road, and the rules to be observed by persons

on meeting or passing with teams and vehicles, and all other matters which may be deemed for the welfare of such company. Any person, violating any ordinance or by-law made by such company, shall forfeit and pay to such company any sum not exceeding $100, to be sued for and collected by such company in an action of debt before any justice of the peace, etc. R. S. 1881, section 3642.

If any person, using any part of such road, shall, with intent to defraud such company pass through any private gate or bars, or along any other grounds near said road, to avoid any toll-gate, or shall make any untrue statement as to the distance he or they may have travelled or intend to travel on the road, or shall practice any fraudulent means and thereby avoid the payment of toll, or shall refuse to pay the toll he is bound to pay, he shall, for each and every offence, forfeit and pay to such company three dollars, which shall be recovered in the name of the company in an action of debt before any justice of the peace, etc.: *Provided,* Nothing herein contained shall prevent persons, residing in or near the line of said road, from passing thereon between the gates, about their premises, for common and ordinary business. R. S. 1881, section 3644.

The first paragraph of the complaint claims $100 under section 3642, *supra.* It alleges, among other things, that rates of toll were established by the company; that the defendant passed through the toll-gate and thereby became liable to pay certain toll, which, on demand, he refused to pay, with intent to defraud the company, whereby he violated rule 4 of the company, which provides that no person shall pass any toll-gate of the Wayne Pike Company without first tendering toll for the distance travelled or intended to be travelled on said pike; and that thereby he became liable to the penalty prescribed by said company in their 7th rule, which is as follows: 7th. Any person or persons, violating either or any of the rules of the Wayne Pike Company, shall pay to said company not less than $20 nor more than $100; and

that thereby an action hath accrued to the plaintiff to demand and have of said defendant said sum of $100 so forfeited, etc.

This paragraph states no cause of action, because said plaintiff had no right to fix by rule 7 a greater penalty for non-payment of toll than the three dollars fixed by sec. 3644, *supra*. But said first paragraph was not sustained by the evidence ; it alleges that the defendant passed through the toll-gate, while the bill of exceptions shows that he did not pass through the gate, and it alleges that rates of toll were established by the company, which was necessary to be proved. *Morton G. R. Co.* v. *Wysong,* 51 Ind. 4. Yet the bill of exceptions shows that there was nothing in the records of the company showing what the rates of toll were, and that no rates of toll had ever been fixed by the stockholders of said company. Tolls must be established by the members of the company, where there is no law or valid usage to the contrary. *Morton G. R. Co.* v. *Wysong, supra.*

The second paragraph of the complaint seeks to recover the statutory penalty of three dollars, under section 3644, *supra.* It alleges, among other things, that the rates of toll established by the plaintiff for a two-horse vehicle were 2¾ cents per mile, and that the defendant travelled with a two-horse vehicle upon said road, two and a half miles, and passed a toll-gate upon said road, and thereby became liable to pay six cents as toll, which he, with intent to defraud the company, refused to pay, etc., whereby an action hath accrued, etc. The evidence failed to sustain this paragraph, as appears by what has been stated above in reference to the first paragraph.

There was, therefore, no error in overruling the plaintiff's motion for a new trial. The judgment ought to be affirmed.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment of the court below be and the same is hereby affirmed, at the costs of the appellant.

Filed Nov. 1, 1883.