The Jeffersonville, Madison and Indianapolis R. R. Co. *et al. v.* Harrold.

No. 422.

THE JEFFERSONVILLE, MADISON AND INDIANAPOLIS RAIL-
ROAD COMPANY ET AL. *v.* HARROLD.

APPEAL.—*Action Originating Before Justice.—Appeal to Supreme Court.—
When will not Lie.—Judgment for Costs.—Assignment of Cross-Errors.*—A
suit was instituted before a justice of the peace, and judgment recov-
ered by default for one hundred dollars. The defendants appealed to
the circuit court, and demurred to the complaint. The demurrer was
sustained, but judgment was rendered against the defendants for costs.
The defendants appealed to the Supreme Court (the cause being after-
ward transferred to the Appellate Court), assigning as error the ruling
of the court in rendering judgment against them for costs. The appel-
lee made a cross-assignment of error upon the sustaining of the de-
murrer to the complaint.

*Held,* that, under section 632, R. S. 1881, an appeal should not lie to the
Supreme (Appellate) Court, said section applying to a case where no
amount but costs is recovered.

*Held,* also, that the fact that the appellee assigned cross-errors will not
confer jurisdiction.

From the Clark Circuit Court.

*S. Stansifer,* for appellants.

*J. B. Meriweather,* for appellee.

REINHARD, J.—Harrold sued the appellants before a jus-
tice of the peace in Clark county for $100, the alleged value
of a dog which it was charged in the complaint was killed
by the locomotive engine and cars of appellants, on their
railroad track, which, it was averred, was not securely fenced
at the place where the dog entered upon the same.

There being no appearance for the defendants before the
justice, judgment was entered against them by default for
the sum of $100. They appealed to the circuit court, and
there filed a demurrer to the complaint, upon the ground that
the same did not state facts sufficient to constitute a cause of
action.

The court sustained the demurrer, but " ordered that the
defendant pay the costs in the case before the justice and un-

The Jeffersonville, Madison and Indianapolis R. R. Co. *et al. v.* Harrold.

til the time of the filing of the demurrer herein, the defendant having failed to appear before the justice."

The plaintiff excepted to the sustaining of the demurrer, and the defendants to the order and judgment requiring them to pay costs. The defendants appeal to the Supreme Court, and assign as error the ruling of the court in rendering judgment against them for costs. The appellee has made a cross-assignment of error upon the sustaining of the demurrer to the complaint. The cause comes here by order of transfer from the Supreme Court.

As this cause originated before a justice of the peace, we are confronted at the outset with the question of jurisdiction. No appeal lies in such cause where the amount in controversy, exclusive of interest and costs, does not exceed fifty dollars, unless the validity of an ordinance is involved. Section 632, R. S. 1881.

It is true that the question of jurisdiction has not been raised by the appellee, but this does not take away from us the duty of determining it, in case we conclude the appeal will not lie, for if there is no jurisdiction none can be conferred by consent. *Davis* v. *Davis*, 36 Ind. 160; *Doctor* v. *Hartman*, 74 Ind. 221 ; Hilliard New Trials (2d ed.), 731 ; Cooley Const. Lim. (6th ed.) 491, 504, *n.*

Nor will the fact that the appellee has assigned cross-errors serve to confer jurisdiction. It is true that for some purposes a cross-assignment of errors has the same effect as if the appellee had appealed also. But this can not be so for the purpose of jurisdiction.

The cross-assignment operates primarily only to prevent a reversal by showing that the appellant, in spite of errors against him, has no cause for complaint, for if error had not been committed against the appellee also, the result must have been the same as it is. It may be resorted to secondarily to secure to the appellee a ruling of the appellate tribunal upon some question decided against him at *nisi prius,*

The Jeffersonville, Madison and Indianapolis R. R. Co. *et al.* v. Harrold.

which, if it results in his favor, may be of service to him upon another trial in case of a reversal. *Thomas* v. *Simmons,* 103 Ind. 538; *Feder* v. *Field,* 117 Ind. 386.

It can not be true that the right to assign cross-errors may be used against the appellee as a weapon of self-destruction. It is given rather as a shield of defence to keep his adversary from defeating him by means of merely technical errors, when in fact no substantial injustice has been done him by the ruling. It, indeed, tends to bring all disputed questions touching the merits of the case before the court in a single controversy, but it is, after all, only the case which the appellant presents that gives foundation to the appeal. It alone, therefore, must determine the question of jurisdiction, and not what would have been the foundation had the other side appealed.

In the case before us the amount in controversy was originally $100. When the defendants below prevailed in the circuit court by having their demurrer to the complaint sustained, and final judgment thereon rendered in their favor, the amount involved as to them, in case of an appeal to this court, was no longer $100. Had the plaintiff appealed from such judgment, the amount in controversy would have been $100, for that was the amount he sued for, and would prosecute his appeal for. If the plaintiff had recovered below, but had recovered only fifty dollars, or less, and the defendants had chosen to appeal, the amount involved would have been the judgment appealed from. *Morton G. R. Co.* v. *Wysong,* 51 Ind. 4; *Hutts* v. *Williams,* 55 Ind. 237; *Shriver* v. *Bowen,* 57 Ind. 266; *Cowley* v. *Town of Rushville,* 60 Ind. 327; *Parsley* v. *Eskew,* 73 Ind. 558; *Coles* v. *Peck,* 96 Ind. 333; *Cincinnati, etc., R. W. Co.* v. *McDade,* 111 Ind. 23; *Ex parte Sweeney,* 126 Ind. 583; *Painter* v. *Guirl,* 71 Ind. 240; *Baltimore, etc., R. R. Co.* v. *Johnson,* 83 Ind. 57; *Wagner* v. *Kastner,* 79 Ind. 162.

How, then, is the "amount in controversy" to be determined in the case at bar?

The Jeffersonville, Madison and Indianapolis R. R. Co. *et al. v.* Harrold.

The statute provides, as has been seen, that the costs and interest are to be excluded in estimating such amount. It is clear that if the plaintiff in this cause had recovered $50, or $10, or one cent, the defendants could not have appealed, because in such event it would have been obvious that the amount in controversy, exclusive of interest and costs, did not exceed $50. It is contended, however, by the appellants' counsel, that as in this cause nothing was recovered, exclusive of interest and costs, the statutory exception does not apply, and an appeal will lie.

This contention can not prevail. It can not be true that it was the design of the statute in question that an appeal should be allowed in such cases when no amount but costs is recovered, but should not be allowed when some amount and costs are recovered. The amount of recovery (exclusive of costs and interest) forms the basis of the right to appeal. The costs are a mere incident. To hold otherwise would lead to absurdities. The courts, in giving construction to a statute, will look to the intent of the Legislature rather than to the strict letter, when a literal construction would lead to injustice or absurd results.

We think it is manifest from the statute under consideration that the exception contained therein should apply to cases where no amount is recovered as well as to those where some amount, not over $50, is adjudged against the party seeking to appeal.

We are therefore constrained to hold that the appellants had no right of appeal from the judgment for costs against them.

The appeal is therefore, dismissed, at the costs of appellants.

Filed Feb. 17, 1892.