Filed March 30, 1893.

---

No. 648.

### PICKETT v. HOLLINGSWORTH.

APPEAL.—*Cause Originating Before Justice of the Peace.—Amount in Controversy.—Jurisdiction.*—An action originated before a justice of the peace, in which the plaintiff sued for $30, and the defendant filed a counterclaim for $167. The action terminated in the circuit court, in a judgment for the defendant for costs merely. The plaintiff appealed from this judgment.

*Held,* that the amount in controversy on appeal is the right of the appellant (plaintiff) to recover $30, and that being less than the statutory requirement (section 632, R. S. 1881) conferring jurisdiction, the appeal can not stand.

From the Howard Circuit Court.

*J. C. Blacklidge, C. C. Shirley* and *B. C. Moon,* for appellant.

*J. E. Moore, M. Bell* and *W. C. Purdum,* for appellee.

GAVIN, J.—This cause originated before a justice of the peace. The appellant, who was the plaintiff below, sued to recover $30. The appellee filed a counterclaim for $167. On trial in the Circuit Court, judgment was rendered in favor of defendant for costs merely. The plaintiff now appeals to this court from that judgment. The appellee has filed a motion to dismiss the appeal.

Under section 632, R. S. 1881, there is no appeal from the Circuit Court in cases originating before a justice of

the peace, where the amount in controversy, exclusive of interest and costs, does not exceed $50.

The plaintiff's claim being only $30, no appeal will lie, unless, as he asserts, the amount in controversy is increased, by reason of the counterclaim filed, so as to bring it above the limit. When no affirmative judgment is rendered in favor of the defendant upon a counterclaim, and the result of the lawsuit is simply to defeat the plaintiff's claim; as to the plaintiff's right of appeal, the amount put in controversy by his complaint must determine his right of appeal. If he fails in his appeal, he only loses the $30. If he should win his appeal, he could only recover the $30, if finally successful in his suit. *Sprinkle* v. *Toney*, 73 Ind. 592; *Shriver* v. *Bowen*, 57 Ind. 266.

Counsel for appellant rely upon the cases of *Coles* v. *Peck*, 96 Ind. 333, and *Bowlus* v. *Brier*, 87 Ind. 391, to sustain their position that the amount in controversy is the aggregate of the amounts claimed by both plaintiff and defendant.

The cases do not sustain this position, but only decide that where there is a counterclaim or cross-complaint by the defendant and the plaintiff recovers judgment, from which the defendant appeals, then the amount in controversy, for the purposes of determining the right of appeal, is to be ascertained by aggregating the amount of plaintiff's recovery and the amount involved by defendant's counterclaim or cross-complaint. As to the defendant in such cases, the adjudication is twofold:

*First.* That he is not entitled to recover the sum claimed on his own pleading.

*Second.* That he pay the amount found due plaintiff.

In *Shriver* v. *Bowen, supra,* upon which both of these cases rest as authority, a right of appeal is given the defendant from a judgment of $8, by reason of his having had an affirmative claim which, added to the judgment, raised the amount above the jurisdictional limit. It would

have been otherwise had the appeal been taken by the plaintiff.

As is said in *Bowlus* v. *Brier, supra:* "It is the amount in controversy that settles the question of jurisdiction."

Here the only amount in controversy is the right of plaintiff below to recover his $30.

The appeal is, therefore, dismissed.

Filed March 31, 1893.