No. 1,792.

KAHL v. THE MADISON BREWING COMPANY.

APPEAL. — *Amount in Controversy.* — *Action Commenced Before Justice of the Peace.*—*Costs.*—The recovery of plaintiff, and not the amount sued for, is the amount in controversy on an appeal by defendant from an order re-taxing costs, within section 644, R. S. 1894, allowing an appeal to the appellate court in actions commenced before a justice of the peace only where the amount in controversy, exclusive of interest and costs, exceeds $50.

From the Marion Superior Court.

*J. M. Bailey* and *W. Cady*, for appellant.

*V. G. Clifford* and *W. F. Browder*, for appellee.

REINHARD, J.—The appellee sued the appellant before a justice of the peace to recover $74 for thirty-seven kegs of beer.

In the justice's court the appellant offered to confess judgment for $2, which was rejected, and also filed a set-off for $25.73. A trial resulted in a judgment in favor of the brewing company for $46.27 and costs. Kahl appealed to the circuit court, where he withdrew his offer to confess judgment, and tendered the appellee 27 cents, which he paid into court. There was a jury trial in the circuit court, resulting in a verdict for defendant (appellant here). A new trial having been granted, the venue of the cause was changed to the Marion Superior Court, where there was a trial by jury, and a verdict in favor of the appellee for 27 cents. On appellee's motion, a new trial was granted and another jury trial had, which resulted in another verdict in favor of appellee for 27 cents. Judgment on this verdict was rendered in favor of appellee for 27 cents, and

in favor of appellant for all costs.    Thereupon appellee moved to re-tax the costs in the case.    The court sustained the motion as to all costs which had accrued at the time the tender was paid into the court, and overruled the motion as to all costs made thereafter.    With this result the brewing company is content, but Kahl being dissatisfied therewith, brings the case to this court on appeal.    Appellant has assigned as errors the rulings of the superior court:

1.    In sustaining appellee's motion for a new trial.

2.    In sustaining the appellee's motion to re-tax the costs.

3.    In re-taxing the costs of the suit.

The appellee has filed a motion, of which due notice has been given, to dismiss the appeal.    The grounds upon which the motion is predicated are as follows:

"1.    The appellate court has not jurisdiction, for the reason that the case originated before a justice of the peace, and the amount in controversy on appeal, is less than $50.

"2.    Because the appellant paid into the court the amount of the judgment, and the appellee accepted the same in satisfaction of said judgment before this appeal was taken."

On the first cause assigned for dismissal, the question arises, what is the amount in controversy?    The statute allows an appeal in such cases only when the amount in controversy, exclusive of interests and costs, exceeds $50, except when the validity of an ordinance is involved. R. S. 1894, section 644 (R. S. 1881, section 632).

Under this statute it has been held that the question of costs cannot control, nor indeed does it enter into, "the amount in controversy."    Thus, if in such an action the plaintiff recover nothing but costs in the circuit or superior court, the defendant cannot appeal,

Kahl *v.* The Madison Brewing Company.

because, so far as he is concerned, there is nothing in controversy but the costs, whereas there must be an amount in controversy which exceeds $50 exclusive of costs. *Jeffersonville, etc., R. R. Co.* v. *Harrold*, 3 Ind. App. 592.

In the present case, as we have seen, the plaintiff recovered 27 cents. With this recovery it is satisfied, and the defendant appeals. Where this is the case, the amount in controversy is not the amount sued for, but the amount recovered. *Louisville, etc., R. W. Co.* v. *Steele*, 6 Ind. App. 183. It may be said, however, that as the appellant filed a set-off for $25.73, and failed to recover the same or any part thereof, the true amount in controversy as to him is the amount of the set-off added to the amount of the judgment rendered against him. *Pickett* v. *Hollingsworth*, 6 Ind. App. 436.

The adjudicated cases establish the rule that where the plaintiff appeals, the amount in controversy is the amount sued for in the complaint. But if he recover less than $50, and be content therewith, there is, as a general rule no right of appeal by the defendant, unless by set-off or counterclaim he show that he is entitled to a judgment against the plaintiff for $50 or more, or if it appear that the amount of the judgment rendered against the defendant, added to the amount he seeks to recover in his counterclaim or set-off, exceeds $50. Elliott App. Proced., section 53, *et seq*. The case at bar does not fall within the class of cases originating before a justice of the peace in which the defendant is entitled to appeal to this court.

Appeal dismissed.

Filed December 17, 1895.