IN THE

SUPREME COURT OF JUDICATURE

OF THE

STATE OF INDIANA,

AT INDIANAPOLIS, MAY TERM, 1847, IN THE THIRTY-FIRST
YEAR OF THE STATE.

## THE CITY OF MADISON *v.* HATCHER.

The city of *Madison* brought an action of debt before the mayor thereof, claim-
ing a sum not exceeding twenty dollars. The suit, which was founded on
an ordinance of the city, was for an assault and battery committed by the
defendant within the city. Judgment against the defendant by the mayor
for twenty dollars. *Held*, that the mayor, though he was by the charter, *ex
officio*, a justice of the peace, had no jurisdiction, under the constitution of
the state, to render such judgment.

ERROR to the *Jefferson* Circuit Court.

*Monday,
May 24.*

SMITH, J.—The city of *Madison* brought an action before
the mayor of that city against *Samuel E. Hatcher* for an
alleged violation of one of the city ordinances. The cause
of action filed in the suit was as follows:

"The city of *Madison*, plaintiff, complains of *Samuel E.
Hatcher*, defendant, of a plea of debt, for that heretofore,
to wit, on the 28th of *August*, 1843, at and within the cor-
porate limits of the city of *Madison*, the said defendant did,
in a rude, insolent, and angry manner, unlawfully touch,

beat, bruise, and wound one *Edward C. Otter*, contrary to the ordinance of said city; and therefore said city says that an action has accrued to her to recover of and from said defendant not exceeding twenty dollars."

*Hatcher* entered his appearance for trial without process, and the mayor rendered judgment that he was "guilty as charged, and that the city of *Madison* recover of the said defendant the sum of twenty dollars fine," &c.

Afterwards, on the 2nd of *October*, 1843, this cause came up in the *Jefferson* Circuit Court on appeal, and on the motion of *Hatcher* the suit was dismissed.

One of the reasons assigned for the dismissal of the suit was, that the mayor had no jurisdiction to try the cause and render such a judgment.

The suit was founded upon an ordinance passed by the common-council, entitled "An ordinance fixing penalties for the violation of good order in the city of *Madison*," which reads as follows: "Be it ordained by the common-council of the city of *Madison*, that the following penalties shall be recovered by the city from any and every person who shall be found guilty of any of the several offences against the morals, peace, and good order of the inhabitants of the city of *Madison;* that is to say, for an assault and battery not exceeding twenty dollars," &c.

The city was empowered by its charter " to ordain, establish, and put in execution such orders, by-laws, and regulations" as should be deemed necessary for its good government, and not inconsistent with the constitution and laws of the state.

The 61st section of the city charter constitutes the mayor, *ex officio*, a justice of the peace, and provides that within the city "he shall exercise civil and criminal jurisdiction in all cases in the same manner and to the same extent as justices of the peace in their respective townships." The statute in force regulating the jurisdiction of justices of the peace provided, that in cases of assault and battery, affrays, &c., they should have power to assess a fine not exceeding twenty dollars. It is contended, however, that the statute conferring this jurisdiction is unconstitutional, as being in contravention of the 5th and 12th sections of the 1st article of the constitution of the state. These sections read as follows:

"Sect. 5.   That in all civil cases, where the value in con-
troversy shall exceed the sum of twenty dollars, and in all
criminal cases, except in petit misdemeanors, which shall be
punished by fine only, not exceeding three dollars, in such
manner as the legislature may prescribe by law, the right
of trial by jury shall remain inviolate."

"Sect. 12.   That no person arrested, or confined in jail,
shall be treated with unnecessary rigor, or be put to answer
any criminal charge, but by presentment, indictment, or
impeachment."

So far as regards prosecutions for such offences under the
laws of the state before justices of the peace, we do not
think that either of these sections is violated by the statute
in question.   The extended jurisdiction of the magistrate is
for the benefit of the accused person, who may thus, if he
chooses, have the charges against him disposed of without
further delay and increase of costs.   It is expressly provided
in the statute conferring such jurisdiction, that "such cases
shall be tried by the justice or by a jury as the defendant
may elect," and that such defendant may, if he prefer it,
"be recognized to appear and answer to the charge before
the next Circuit Court."   The defendant is not, in such cases,
deprived of his right of trial by jury, nor is he required to
answer such charge without presentment or indictment, ex-
cept at his own choice.

But it is said in reference to the latter point, that even the
consent of the accused could not give the magistrate juris-
diction to try the case, in the absence of a presentment or
indictment.   Certainly, it could not, if such trial was pro-
hibited by the constitution, but we do not think it is.   The
12th section was manifestly intended to protect individuals
from arbitrary and oppressive prosecutions by persons in
authority.   In favour of the accused it should be construed
liberally; and a statute enabling him to dispense with onerous
and expensive formalities in the minor classes of criminal
offences, at his own choice, is certainly not inconsistent with
the spirit and intent of this constitutional provision.

This case was not, however, a prosecution under the sta-
tutes of the state; and though the action was brought before
an officer having the jurisdiction of a justice of the peace, it

May Term, 1847.

THE CITY OF MADISON v. HATCHER.

was brought in such a shape that the defendant was debarred from the optionary privilege provided by the statute above quoted, of requiring a presentment or indictment to be found against him before he should be compelled to answer the charge. A distinction is attempted to be drawn between prosecutions under the criminal laws of the state and actions of this character, by saying that the legislature and the councils of cities may each, in their own proper sphere, punish crimes by fines and other penalties. But if we could even avoid the objection, that this doctrine would put the defendant in jeopardy twice for the same offence, it seems impossible to maintain it in this case without violating the prohibition contained in the 12th section of the constitution before quoted. That section positively and unequivocally prohibits any person being put to answer a criminal charge except by presentment, indictment, or impeachment. The 5th section authorizes the punishment of petit misdemeanors by fine only, not exceeding three dollars, in such manner as the legislature may direct; and taking both sections together, the term "criminal charge," as used in the 12th section, must be understood to apply to all other criminal offences made indictable by the laws of the state.

We are, therefore, of opinion that this action cannot be sustained without an infringement both of the letter and spirit of the constitution; for a power which could not be exercised under the general laws of the state, certainly ought not to be under the charter and ordinances of a municipal corporation which derives all its authority from those laws.

PERKINS, J., was absent.

*Per Curiam.*—The judgment is affirmed with costs.

*T. L. Sullivan* and *M. G. Bright*, for the plaintiff.

*J. G. Marshall* and *J. D. Glass*, for the defendant.