May Term,
1848.

Bogart
v.
The City of
New Albany.

Bogart *v.* The City of New Albany.

Indiana.
1    38
126  598

Retailing spirituous liquors without a license from the city of *New Albany*, is not an offence against the state.

The Supreme Court has no jurisdiction in any case which originated before the recorder of the city of *New Albany*, or any justice of the peace, where the amount in controversy exclusive of interest and cost is under twenty dollars.

*Thursday,*
*May 25.*

ERROR to the *Floyd* Circuit Court.

Perkins, J.—Debt before the recorder of the city of *New Albany*. The action was by the city, against *Henry Bogart*, to recover a penalty annexed to a breach of the by-laws of said city, prohibiting the retailing of spirituous liquors therein, without a license from the corporate authorities. Judgment before the recorder in favor of the city, for 10 dollars. Appeal by the defendant to the Circuit Court, where the cause was again tried, without a jury, and the judgment of the recorder affirmed. Upon that judgment of the Circuit Court, the defendant prosecutes this writ of error.

Retailing spirits without license from the city of *New Albany*, is not made an offence against the state of *Indiana*, and is not indictable. Such an act is simply a breach of a city by-law, and only subjects the offender to an action of debt, at the suit of the city, for the penalty incurred. This case, therefore, is wholly different from that of the city of *Madison* v. *Hatcher*, 8 Blackf. 341. It is a civil suit by the city of *New Albany* against *Henry Bogart*. 1 Chitt. Pl. 112.—Ang. & Ames on Corp. 304.—*Indianapolis* v. *Fairchild* in this Court. And as it was commenced before the recorder of the city, whom we regard as a justice of the peace so far as regards the present question, it is

governed by s. 9, p. 628, of the R. S. which enacts that no appeal or writ of error shall be allowed in respect to judgments of inferior Courts in cases originating before justices of the peace, where the amount in controversy, exclusive of interest and costs, is under 20 dollars. The construction given to this statutory provision in *Tripp* v. *Elliott*, 5 Blackf. 168, and in *Reed* v. *Scring*, 7 *id.* 135, is, that it is the amount in controversy in this Court to which it refers.

*May Term. 1848.*

In the case before us, though the plaintiff claims more than 20 dollars in her declaration, yet she recovered but ten, and with that amount she is content. The defendant claims the allowance of no set-off rejected below, and only seeks in this Court to obtain a decision that shall relieve him from the payment of the judgment of 10 dollars. This amount does not give us jurisdiction, and the writ of error must be dismissed.

*Per Curiam.*—Dismissed for want of jurisdiction.

*H. P. Thornton*, for the plaintiff.

*J. Collins, Jr.*, for the defendant.