OVERTON.
v.
OVERTON.

Wednesday,
December 4.

---

## OVERTON *v.* OVERTON.

In a suit before a justice of the peace, the plaintiff claimed forty dollars, but recovered only seven dollars. The defendant appealed to the Court of Common Pleas, where the plaintiff had judgment for four dollars and fifty cents, from which the defendant appealed to the Supreme Court.

*Held,* that the judgment below must be regarded as the "amount in controversy," on appeal, and that being less than ten dollars, the Supreme Court has no jurisdiction.

Wednesday,
December 4.

APPEAL from the *Morgan* Common Pleas.

DAVISON, J. — The appellee, who was the plaintiff, sued *William Overton* before a justice of the peace. The complaint charges, substantially, that the defendant was indebted to the plaintiff thirty-eight dollars, for four trees, for which he refuses payment. The damages were laid at forty dollars. Before the justice, the plaintiff obtained judgment for seven dollars and fifty cents, and the defendant appealed. In the Common Pleas, to which the cause was taken by appeal, the issues were submitted to the Court, who found for the plaintiff, four dollars and fifty cents; upon which, over a motion for a new trial, there was judgment, &c. The defendant appeals to this Court. Has the Supreme Court jurisdiction? The statutory

rule is, that "Appeals may be taken from the Common Pleas and Circuit Courts to the Supreme Court, by either party, from all final judgments, except in actions originating before a justice of the peace, or mayor of a city, where the amount in controversy, exclusive of interest and cost, does not exceed ten dollars." 2 R. S., § 550, p. 158. It may be noted that, in this case, "the defendant claims the allowance of no set-off, rejected by the lower Court, and that the plaintiff, though in his complaint he claims more than ten dollars, is content with the amount which he has recovered. This leaves the sum in controversy in this Court, four dollars and fifty cents, and no more; because it is only from the payment of that amount relief is sought. And that being the amount in contention before us, we are not allowed to assume jurisdiction. This result accords precisely with various adjudications under a statutory provision similar to the one to which we have referred. *Tripp* v. *Eliott*, 5 Blackf. 168; *Reed* v. *Sering*, 7 *id.* 135; *Bogart* v. *The City of New Albany*, 1 Ind. 38. As this Court has no jurisdiction of the appeal, the assignments of error will not be noticed.

*Per Curiam.*—The appeal is dismissed, with costs.

*A. A. Barrickman*, for the appellant.

*W. R. Harrison*, for the appellee.