*N. S. Ballenger* and *N. H. Johnson,* for appellee.

———————o———————

## Donovan *v.* The Town of Huntington.

Supreme Court.—Jurisdiction.—In a prosecution instituted before the mayor of a town, for a violation of a town ordinance, a fine of $5 was. assessed against the defendant, and on appeal to the Circuit Court a like fine was again assessed.

*Held,* that an appeal will not lie to the Supreme Court, the amount in controversy being less than $10.

APPEAL from the *Huntington* Circuit Court.

Gregory, J.—A complaint was filed before the mayor of the town of *Huntington,* against the appellant, for a violation of an ordinance of the common council, in relation to opening and closing turn-bridges within the limits of the town.

The mayor assessed a fine of $5, and rendered judgment therefor, together with costs, from which the defendant appealed to the Circuit Court. The case was submitted to the court on an agreed statement of facts, upon which the court below found the defendant guilty, and assessed a like fine. Motion for a new trial overruled. A bill of exceptions, containing the evidence, is in the record. There are no briefs on either side. There is a petition for rehearing, in which it is suggested that the question is one of public interest, but we are in the dark as to what that question is. We think that the common council had the power to pass the ordinance in question as a police regulation, and that the same would apply to all turn-

bridges in the town limits, whether the same were built by proper authority or not. If the bridge was erected without authority from those having control of the canal, it is for them to take steps to have it removed; their silent acquiescence would amount to a license. The penalty provided in the ordinance is any sum not less than $5, nor more than $50. We have considered a question of jurisdiction in this court. The statute provides that, "Appeals may be taken from the Courts of Common Pleas and the Circuit Courts to the Supreme Court, by either party, from all final judgments, except in actions originating before a justice of the peace, or mayor of a city, where the amount in controversy, exclusive of interest and costs, does not exceed ten dollars." 2 G. & H., § 550, p. 269.

The case of *Bogart* v. *The City of New Albany*, 1 Ind. 38, was a proceeding to recover a penalty annexed to a breach of the by-laws of the city. The amount claimed was more than $20, but the amount recovered in the inferior court was ten dollars. Under the statute then in force, which provides that, "No appeal or writ of error shall be allowed in respect to judgments rendered by any inferior court, in suits which originated before justices of the peace, when the amount in controversy, exclusive of interest and costs, is under the sum of $20," (R. S. 1843, § 9, p. 628,) it was held that the amount in controversy in this court was under $20, and, therefore, there was no jurisdiction. This is in point in the case in judgment. We hold that we have no jurisdiction, and any thing else said in this opinion is *obiter*.

The appeal is dismissed, for the want of jurisdiction.

*E. Haymond* and *J. Brackenridge*, for appellant.

*J. R. Coffroth*, for appellee.