## TOWN OF MARTINSVILLE v. FRIEZE.

33  507
152  108

TOWN.—*Prosecution for Violation of Ordinance.—Affidavit.*—In a prosecution for a violation of a town ordinance prohibiting the sale of intoxicating liquors within the town, except for certain specified purposes, without a license from the board of trustees of the town, the affidavit on which the prosecution was based did not state when the ordinance was passed, and did not aver that the sale charged was not made for either of the purposes so excepted.

*Held,* that if the ordinance were valid, yet, because of said omissions in the affidavit, the cause was properly dismissed on motion of the defendant, no offer having been made to amend the affidavit in these particulars.

AMENDMENT OF LAWS.—*Constitutional Law.*—Under section 21 of article 4 of the constitution of Indiana, a section of a statute cannot be amended without setting forth and publishing at full length the *whole* section as amended, however long it may be, or into however many clauses it may be divided.

SAME.—*Town.*—The act of March 11th, 1867 (Acts 1867, p. 220), "to amend the seventh clause of section 22" of the "act for the incorporation of towns," &c. (1 G. & H. 619), is not in conformity with section 21 of article 4 of the constitution.

TOWN.—*License to Sell Intoxicating Liquors.*—The board of trustees of an incorporated town have no authority to pass an ordinance prohibiting the sale of intoxicating liquors within the limits of the corporation without a license obtained for such purpose by the seller from such board.

APPEAL from the Morgan Circuit Court.

WORDEN, J.—The trustees of the town of Martinsville, in the county of Morgan, passed an ordinance prohibiting the sale of intoxicating liquors within the limits of the corporation, except for medicinal or sacramental purposes, without a license from the board of trustees for that purpose; which license was only to be obtained upon the payment into the treasury of the town of the sum of one hundred dollars, and the giving of a bond with surety, conditioned for the keeping of an orderly house and the payment of all fines and costs that might be assessed against the applicant for any violation of the ordinance.

The appellee, George Frieze, was prosecuted before a justice of the peace for a violation of this ordinance by selling three quarts of ale for the sum of ninety cents. The justice found the defendant guilty, and adjudged that

he pay a fine of one hundred dollars. Frieze appealed to the circuit court, where, on his motion, the cause was dismissed for the want of a sufficient cause of action.

The town appeals to this court, and seeks a reversal of the action of the court below. The affidavit on which the prosecution was based was probably defective for not stating when the ordinance was passed, and for not averring that the sale was not made for either of the purposes excepted in the ordinance; and, admitting that an amendment could have been made, no leave to amend was asked; hence the judgment of the court was right, even though the ordinance be deemed to be valid. But the appellant asks us to pass upon the validity of the ordinance, and we prefer to do this rather than rest our decision upon a mere defect in the affidavit.

The validity of the ordinance depends upon the power conferred upon the board of trustees of the town to pass it. There is nothing in the original act on the subject of the incorporation of towns, &c., (1 G. & H. 619) that confers such power. A municipal corporation can no more exercise powers not conferred upon it than can any other corporation. They are all the creatures of the law, and can exercise such powers, and such only, as are conferred upon them by the law.

It is claimed, however, that an amendment of the original act, passed in 1867 (3 Ind. Stat. 121), confers power to pass the ordinance in question. That amendment, after reciting the original twenty-second section in full, proceeds to amend the seventh clause thereof, and sets out the seventh clause only as amended, and not the whole section as amended; and the question arises whether this is in accordance with the requirements of the constitution. The original twenty-second section, as recited in this amendatory act, was divided into seven distinct and separate clauses, and numbered progressively from one to seven inclusive, and conferred upon the board of trustees different classes of powers. The amendment, after reciting the original

section, as before stated, proceeds, after stating that "whereas it is deemed expedient to amend the seventh clause of said section twenty-two," to enact "that the said seventh clause of section twenty-two of said act be amended to read as follows: Seventh," &c., setting out the seventh clause as amended.

The provision of the constitution on the subject of amending statutes, though it has been quite frequently quoted in the opinions of this court, may bear another repetition. It is as follows: "No act shall ever be revised or amended by mere reference to its title; but the act revised, or section amended, shall be set forth and published at full length." Art. 4, sec. 21.

This provision has given rise to some diversity of opinion in this court as to whether it is necessary to set out in the amending statute the old law as it stood before the amendment; or whether it is sufficient to set out and publish the act or section *as* amended. The later decisions of the court, however, settle the proposition that the constitution is complied with if the amended act or section is set forth and published *as* amended, without a recital of the act or section as it stood before the amendment. *Draper* v. *Falley,* at the present term, *ante,* p. 465.

But can a section of a statute be amended without setting forth the *whole* section as amended? The constitutional provision above cited furnishes a conclusive answer to this question. That requires the "section" (where it is a section only that is amended) to be set forth *as* amended. The term "section" means nothing less than the whole section, however long it may be, or into however many clauses it may be divided. It has been the custom, in modern times, in England, and the United States, and probably all other countries where the science of legislation has made any considerable progress, to divide legislative enactments into sections; and this was undoubtedly had in view when the constitution was adopted. The framers of that instrument intended that upon the amendment of a statute, nothing

less than the whole section as amended should be set forth, having in view the custom of thus dividing statutes into sections. Were it to be held that because a section happened to be divided into different clauses, the requirements of the constitution might be dispensed with, and a *clause* substituted for a *section* in setting forth the amendment, the door would be opened to other evasions of the constitutional requirement.

We think that the amendment of the statute is void, for the reason above stated, and therefore that the board of trustees had no power to pass the ordinance in question.

The judgment is affirmed, with costs.

*A. Ennis,* for appellant.

*W. R. Harrison* and *W. S. Shirley,* for appellee.