*R. A. Black*, for appellant.

———————◆———————

## STEINMETZ *v.* THE TOWN OF VERSAILLES.

TOWN.—*License by Town to Sell Intoxicating Liquors.*—The trustees of an incorporated town have no authority to pass an ordinance prohibiting the sale of intoxicating liquors within the town limits without a license granted by them.

APPEAL from the Ripley Circuit Court.

BUSKIRK, J.—This was an action by the appellee against the appellant, to recover the penalty imposed by an ordinance passed by the trustees of said town, prohibiting the sale of intoxicating liquors within the town without a license from the clerk of said town.

The prosecution originated before a justice of the peace, where the appellant was adjudged to be guilty, from which judgment he appealed to the circuit court.

In the circuit court, the case was tried by a jury and resulted in a verdict against the appellant. The court overruled motions for a new trial and in arrest of judgment, to which proper exceptions were taken.

The appellant has assigned several errors, and the ques-

tions involved by such assignment have been discussed by counsel for appellant with great thoroughness and ability; but the conclusion at which we have arrived renders it unnecessary for us to consider and decide more than one of the errors assigned; and the precise question having been decided by this court, upon mature consideration, we shall base our ruling upon the previously adjudged case. The question is presented by the motion in arrest of judgment, which motion calls in question the power of the board of trustees of said town to pass the ordinance in question.

The board of trustees claimed to possess the power to pass the ordinance under and by virtue of the act of March 11th, 1867, to amend the seventh clause of section 22 of the act for the incorporation of towns. Acts of 1867, p. 220.

In the case of *The Town of Martinsville* v. *Frieze,* 33 Ind. 507, we held such act to be unconstitutional and void. Adhering, as we do, to the ruling in that case, it results that the board of trustees of the town of Versailles possessed no power to pass the ordinance in question.

The judgment is reversed, with costs; and the cause is remanded to the court below, with directions to sustain the motion in arrest of judgment.

*G. Durbin,* for appellant.