Cowley *v*. The Town of Rushville.

---

## Cowley *v*. The Town of Rushville.

Liquor Law.—*Constitutional Law.—Town.—Act of March 2d*, 1855.—The act of March 2d, 1855, Acts 1855, p. 128, amending the 22d section of the act of June 11th, 1852, 1 R. S. 1852, p. 482, providing " for the incorporation of towns," etc., only set out such section as originally enacted and the amendment intended, and not the full section as amended, and is therefore, under section 21, article 4, of the constitution of this State, unconstitutional and void.

·SAME.—*Act of March 1st, 1877.—Amendment.*—Such act of March 2d, 1855, *supra,* being unconstitutional, could not be amended, and therefore the act of March 1st, 1877, Acts 1877, Reg. Sess., p. 144, amendatory thereof is void; and boards of trustees of towns incorporated under the general law of this State have no power to require a retailer of intoxicating liquors to procure a license.

SAME.—*Act of March 17th, 1875.*—The act of March 17th, 1875, 1 R. S. 1876, p. 869, regulating the sale of intoxicating liquors, confers no authority upon incorporated towns to require a retailer of intoxicating liquors to procure a license.

APPEAL.—*Supreme Court.—Amount in Controversy.*—Under section 550 of the practice act, as amended by the act of March 14th, 1877, Acts 1877, Spec. Sess., p. 59, an appeal does not lie to the Supreme Court, from a judgment rendered in an action where the amount in controversy, exclusive of interest and costs, does not exceed fifty dollars.

From the Rush Circuit Court.

*J. Q. Thomas* and *J. J. Spann,* for appellant.

*G. B. Sleeth* and *J. W. Study,* for appellee.

HOWK, J.—On the 11th day of January, 1878, an affidavit was filed before a justice of Rushville township, which affidavit seems to have been used as the foundation of this action, in favor of the appellee as plaintiff, against the appellant as defendant.

In this affidavit it was charged, that the appellant, " on the 7th day of January, 1878, at and in the county of Rush, and State of Indiana, and within the limits of said town of Rushville, did then and there unlawfully sell to one Aaron Hagerman one gill of intoxicating liquor, called whiskey, for the price of ten cents, for the purpose of being drank in the house of the said James Cowley."

The trial before the justice resulted in his finding the appellant guilty as charged in said affidavit, and assessing his fine in the sum of five dollars, and rendering judgment accordingly.

The cause was appealed from the justice to the court below In this latter court; the cause was submitted for trial to the court, without a jury, upon an agreed statement of facts, and a finding was made, that the appellant was guilty as charged, and assessing a fine against him in

the sum of five dollars, to which finding of the court the appellant objected and excepted. The appellant then moved the court below for a new trial, which motion was overruled, and to this decision he excepted, and his motion in arrest of judgment having been overruled, and his exception saved to this ruling, judgment was rendered by the court on its finding, from which judgment this appeal is now here prosecuted.

In this court, the appellant has assigned, as errors, the following decisions of the court below:

1st. In overruling his motion for a new trial;

2d. In overruling his motion in arrest of judgment; and,

3d. Because there was no law to sustain the finding and judgment of the court.

As we have seen, this cause was tried and determined in the court below, upon an agreed statement of facts. As necessary to a proper understanding of the questions presented for decision in this case, we set out this " agreed statement of facts," as follows:

" It is hereby agreed and admitted to the court, that James Cowley, the person named in the affidavit as defendant, is a retail liquor dealer within the corporate limits of said town, and that he sold the intoxicating liquor as charged, and at the time named in the affidavit, except that it is not admitted that said sale was unlawful, because the defendant says that there is no law giving the town of Rushville the power to levy and collect a license fee or tax for the sale of intoxicating liquors within the corporate limits of said town, because said statute, under which the ordinance of the town was passed, (such ordinance being made a part hereof,) is unconstitutional and void; and, by reason of such facts, said ordinance is void and of no effect. It is also admitted, that, while the defendant James Cowley is properly licensed by the State and Government to retail intoxicating liquors, within the corporate limits of said town, yet he has refused, and still

does refuse, to pay his license fee of the sum of fifty dollars to the town of Rushville, or to take any license from said town, as required by the provisions of said ordinance, and had no license when the said sale was made as charged in the affidavit, because, as the defendant says, there is no law compelling him to pay such license fee, or to take out said license from said town, and the ordinance filed herewith and made a part hereof is admitted to be a true copy."

The ordinance referred to in, and made a part of, the agreed statement of facts, was "An ordinance to regulate and license the sale of intoxicating liquors within the corporate limits of the town of Rushville, Rush county, Indiana, and providing penalties for the violation thereof, and repealing all other ordinances conflicting with the provisions of this ordinance," published December 8th, 1877.

In section 1 of said ordinance, it was ordained, that it should be thereafter unlawful for any person or persons, within the corporate limits of the town of Rushville, to directly or indirectly sell, barter or give away, for any purpose of gain, except for medical purposes on a physician's prescription, or for sacramental purposes, any intoxicating liquors in quantities less than a quart at a time, unless he should have first procured a license from said town so to do, as provided for in said ordinance.

Section 2 of said ordinance declared the meaning of intoxicating liquors.

In section 3, the license fee was fixed at fifty dollars, and the mode of obtaining such license was prescribed.

Sections 4 and 5 prescribed penalties for selling without license, and for violating said ordinance, and section 6 repealed all conflicting ordinances.

It will be readily seen, that the only question for decision in this case is this:   Were the board of trustees of the town of Rushville authorized by law to pass an ordinance to regulate and license the sale of intoxicating liquors

within the corporate limits of said town, and to exact a fee for such license? We will briefly consider and express our opinion upon this question.

We assume, as the contrary does not appear, that the town of Rushville is incorporated as a town under the general law of this State providing for the incorporation of towns, approved June 11th, 1852. *The Town of Brazil* v. *Kress,* 55 Ind. 14; 1 R. S. 1876, p. 874.

Section 22 of this general law enumerates the powers with which the trustees of such incorporated towns are thereby clothed. 1 R. S. 1876, p. 878. It is very certain, that, under this section, as originally enacted, the trustees of such towns were not authorized to regulate and license the sale of intoxicating liquors. On the 11th day of March, 1867, an act to amend the seventh clause of said section 22 was approved, the evident and only object of which act was to clothe the trustees of towns, incorporated under the general law for the incorporation of towns, with the power "To license, regulate or restrain * * * the sale of spirituous, vinous, malt and other intoxicating liquors within the corporation." Acts 1867, p. 220.

In the case of *The Town of Martinsville* v. *Frieze,* 33 Ind. 507, it was held by this court, that this amendatory act of March 11th, 1867, was a violation of the requirements of section 21 of article 4 of the constitution of this State, and was therefore void. This case has since been approved and followed in a number of other cases in this court. *The Town of Edinburg* v. *Hackney,* 54 Ind. 83, and *The Town of Brazil* v. *Kress, supra.*

At the last session of the General Assembly of this State, an act was passed, entitled "An act to amend the first section of an act entitled 'An act to amend the twenty-second section of an act entitled "An act for the incorporation of towns, defining their powers, providing for the election of the officers" thereof, and declaring their duties, approved June 11th, 1852,' approved March 2d, 1855,"

approved March 1st, 1877. By this last amendatory act, it was clearly intended to give the boards of trustees of incorporated towns the necessary power " To license, regulate, or restrain   *     *     *   the sale of spirituous, vinous, malt and other intoxicating liquors within the corporation." Acts 1877, Reg. Sess. p. 144.

If this amendatory act was constitutional and valid, then the power of the appellee's board of trustees to pass the ordinance above referred to can not be questioned, and the decision of the court below, on the agreed statement of facts in this case, was sustained by the evidence, and in accordance with law.

Whether this amendatory act is or is not constitutional and valid depends entirely upon the answer which may be given to another question, and that is, whether the amendatory act of March 2d, 1855, was or was not constitutional and valid   For, if the latter act, of March 2d, 1855, was unconstitutional and void, it is clear that the act of March 1st, 1877, amendatory of the former act, must also be unconstitutional and void; for a valid law can not be enacted by amending an invalid and void law.

In the act of March 2d, 1855, it was enacted that section 22 of the original act of June 11th, 1852, for the incorporation of towns, etc., (setting out the section as it originally appeared in 1 R. S. 1852, p. 485, with sixteen clauses therein,) " be and the same is hereby amended by adding thereto the following clauses, to wit:" setting out only the seventeenth, eighteenth and nineteenth clauses of said section 22, as the same now appear in 1 R. S. 1876, p. 878.

The section as amended was not " set forth and published at full length " in said act of March 2d, 1855. Acts 1855, p. 128.   This publication, at full length, of the section as amended, was indispensably necessary to the validity of said act of March 2d, 1855, under the construction now given by this court to section 21 of article

4 of the constitution of this State.   *The Greencastle, etc., Turnpike Co.* v. *The State, ex rel. Malot,* 28 Ind. 382; *Draper* v. *Falley,* 33 Ind. 465; and *The Town of Martinsville* v. *Frieze, supra.*

Under the light of these and other decisions of this court, it is clear, we think, that the above entitled act, approved March 2d, 1855, was unconstitutional and void. It follows of necessity, that the act of March 1st, 1877, to amend the 1st section of said act of March 2d, 1855, is also invalid and void; for a valid law can not be enacted by amending an invalid and void law.   *The Board, etc., of Clay Co.* v. *Markle,* 46 Ind. 96; *Blakemore* v. *Dolan,* 50 Ind. 194; and *Ford* v. *Booker,* 53 Ind. 395.

It seems very clear to us, that the said amendatory act of March 1st, 1877, *supra,* is unconstitutional and void; and, therefore, we think that the incorporated towns of this State have no power or authority under said act, to license, regulate or restrain the sale of spirituous, vinous, malt and other intoxicating liquors, within their corporate limits.

The act of March 17th, 1875, to regulate and license the sale of intoxicating liquors, etc., certainly gives no power or authority to cities or incorporated towns to regulate and license such sale.   Section 6 of said act merely imposes a limitation upon the amount of license fee which towns or cities might exact for such license; but the act nowhere authorizes cities or towns to regulate and license the sale of such liquors, within their corporate limits.   1 R. S. 1876, p. 871.

In our opinion, the ordinance of the appellee, under which this suit was brought against the appellant, was wholly unauthorized by law.

We have thus expressed our views upon the questions presented by the record of this cause, because both the parties have seemed to desire such an expression, and because, without such an expression, it is clear that the

same questions would be presented for our consideration in some other form.

This was a civil action, brought to recover a penalty for an alleged violation of a town ordinance. In the court below the appellee had judgment for the sum of five dollars, with which judgment the appellee was apparently content. Under section 550 of the practice act, as amended by an act approved March 14th, 1877, an appeal will not lie to this court from the judgment of a lower court, "where the amount in controversy, exclusive of interest and costs, does not exceed fifty dollars." Acts 1877, Spec. Sess. p. 59.

It is very certain, therefore, that this court has no jurisdiction of this cause. *Bogart* v. *The City of New Albany*, 1 Ind. 38; and *Dailey* v. *The City of Indianapolis*, 53 Ind. 483, and authorities cited.

The appeal of this cause is therefore dismissed for the want of jurisdiction, at the appellant's costs.