Carr *v*. The Town of Fowler.

The judgment below is reversed, with costs, and the cause remanded for further proceedings, in accordance with this opinion.

Petition for a rehearing overruled.

◆◆◆

No. 7930.

CARR *v*. THE TOWN OF FOWLER.

LIQUOR LAW.—*License.—Town.*—Prior to 1879, incorporated towns, in this State, had no authority to regulate and license the sale of intoxicating liquors.

From the Jasper Circuit Court.

*M. H. Walker* and *J. Burns*, for appellant.
*D. E. Straight* and *U. Z. Wiley*, for appellee.

BICKNELL, C.—The Town of Fowler, on February 27th, 1878, adopted an ordinance to license, regulate and restrain the sale of intoxicating liquors in that town, and soon afterward brought this action against the appellant for violating the ordinance, by selling intoxicating liquors without license. The complaint was in three paragraphs. The ordinance was in the common form.

The appellant demurred to each paragraph of the complaint, for want of facts sufficient to constitute a cause of action. The demurrers were overruled. The appellant filed an answer in four paragraphs. The appellee demurred to each paragraph of the answer, for want of facts sufficient to constitute a defence ; said demurrers were sustained. The appellant refusing to answer further, the court rendered final judgment against the appellant for one hundred dollars.

The errors assigned are, that the complaint did not state facts sufficient to constitute a cause of action, and that the court erred in its several rulings upon the demurrers.

In the case of *Redden* v. *The Town of Covington*, 29 Ind. 118, a judgment in favor of a town, upon its ordinance regulating the sale of liquors, was affirmed by this court; but in that case the authority of the town to make such an ordinance was not questioned.

It was held by this court, in *Hollenbaugh* v. *The State*, 11 Ind. 556, that the fourth clause of section 22, chapter 184, 1 R. S. 1852, 1 G. & H. 623, did not authorize an ordinance which declared the sale of intoxicating liquors to be a nuisance. The seventh clause of said section 22 gave authority to towns to license, regulate and restrain auctions, travelling pedlers and public exhibitions. It was held by this court, in *The Town of Martinsville* v. *Frieze*, 33 Ind. 507, that nothing in said section 22, as originally enacted, authorized towns to grant licenses to sell liquor, or to punish sales of liquor without license. It had been previously held, in *Kyle* v. *Malin*, 8 Ind. 34, that municipal corporations are to be held strictly within the limits prescribed by statute.

The act of March 11th, 1867, Acts 1867, p. 220, amended the seventh clause of said section 22, by adding thereto the words, "and the sale of liquors," etc. It was the purpose of this amendment to authorize towns to punish sales of liquor without license, but the amendment was held unconstitutional and void, because the section as amended was not set out at length. See *The Town of Martinsville* v. *Frieze, supra; The Town of Brazil* v. *Kress*, 55 Ind. 14; *The Town of Edinburg* v. *Hackney*, 54 Ind. 83; *Cowley* v. *The Town of Rushville*, 60 Ind. 327.

The said section 22 had been previously amended by the act of March 2d, 1855, Acts 1855, p. 128, and this amendment was held void, because it set out at length the amendments only, and not the entire section as amended. *Cowley* v. *The Town of Rushville, supra*.

Afterward said amending act of 1855 was amended by the act of March 1st, 1877, Acts 1877, Reg. Sess., p. 144, and

this last mentioned amendment undertook to authorize towns to license, regulate and restrain the sale of intoxicating liquors; but this amendment of 1877 was also held invalid and void, because a valid law can not be made by pretending to amend a void statute. *Cowley* v. *The Town of Rushville, supra.*

It follows that, at the time the Town of Fowler adopted its ordinance aforesaid, there was no law which authorized incorporated towns to regulate and license the sale of intoxicating liquors. The ordinance, upon which this action was brought, was void. The complaint does not state facts sufficient to constitute a cause of action. The court below erred in its rulings upon the demurrers.

The judgment of the court below ought to be reversed, and the cause remanded, with instructions to that court to sustain the demurrers to the complaint.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be, and the same is hereby, in all things reversed, at the costs of the appellee, and that this cause be remanded, with instructions to the court below to sustain the demurrers to the complaint..