## Copeland *v.* The Town of Sheridan.

[No. 18,348.   Filed Oct. 25, 1898.   Rehearing denied Jan. 12, 1899.]

Statutes. — *Amendment.* — *Act of 1885.* — *Intoxicating Liquors.* — *License.* — *Towns.* — The act of April 10, 1885 (Acts 1885, p. 171), for the incorporation of towns, authorizing the trustees thereof to license the sale of intoxicating liquors, is void, since it is an amendment of the act of March 1, 1877, held by the Supreme Court to be invalid.  *p. 109.*

Intoxicating Liquors. — *License by Town.* — By the act of March 31, 1879 (Acts 1879, p. 201), the seventh clause of the act of 1852 was amended so as to authorize town trustees to license the sale of vinous, malt, and other intoxicating liquors, charging a license fee not to exceed the amount required by the statutes of the State to sell or retail intoxicating liquors; the sum then required by the State for a license to sell spirituous, vinous, and malt liquors, was $100; and for a license to sell vinous and malt liquors only, $50. *Held,* that construing said laws together a town had the right to issue a license to sell intoxicating liquors generally, and charge a license fee of $100.  *pp. 110, 111.*

From the Hamilton Circuit Court.  *Affirmed.*

*Edenharter & Mull,* for appellant.

*Gavin, Coffin & Davis,* for appellee.

Howard, J.—Appellant was convicted of having, within the corporate limits of the town of Sheridan, sold intoxicating liquors in a quantity not less than a quart, to wit: two quarts of beer, to be then and there drunk as a beverage,

without having a license so to do, contrary to the provisions of an ordinance of said town, passed June 15, 1896.

The ordinance in question provided for a license fee of $100. It is contended that the town had no authority to pass such an ordinance, and that, even if it had such authority, it could not pass an ordinance which should exact more than $50 as a license fee for selling vinous and malt liquors.

It is conceded that whatever power, if any, the town had to pass the ordinance in question, if not conferred by some original act of legislation, must be derived from the seventh clause of section 22 of the act of 1852 for the incorporation of towns, as the same has since been amended. The power of the town, as originally given in that clause, was, "To license, regulate, or restrain auction establishments, traveling peddlers, and public exhibitions within the corporation." 1 G. & H. 619, 1 R. S. 1852, p. 482. This of course, gave no power to license the sale of intoxicating liquors.

By an act approved March 2, 1855, an attempt was made to amend section 22 of the act of 1852, *supra,* by adding to the original sixteen clauses three additional ones, but, setting out only the new clauses, the seventeenth, eighteenth and nineteenth (Acts 1855, p. 128, 1 Davis R. S., p. 878, at 880, 1 G. & H., at p. 625); but the amendatory act was held void for failure to set out the full section as amended. *Cowley* v. *Town of Rushville*, 60 Ind. 327.

A like failure resulted from the attempt made by an act of March 11, 1867, to amend the seventh clause of said section—the clause here under consideration—the legislature having again failed to set out the whole section as amended. Acts 1867, p. 220, 3 Davis R. S., p. 121; *Town of Martinsville* v. *Frieze*, 33 Ind. 507.

By an act approved March 1, 1877, a third attempt was made to amend said section, this time also with the intent to reach clause seventh and authorize towns to license the sale of intoxicating liquors. Acts 1877, Reg. Sess., p. 144, sec-

tion 3333, R. S. 1881. But the effort again failed for the reason that the legislature attempted to secure the object in view by amending the void act of March 2, 1855, *supra. Carr* v. *Town of Fowler,* 74 Ind. 590.

A fourth effort to amend the section was made by an act approved April 10, 1885. Acts 1885, p. 171, section 4357 Burns 1894, section 3333 Horner 1897, section 4462 Thornton 1897. This last act seems to have been regarded by the court below, as it evidently was also by all the late compilers of our statutes, as a valid law. It appears, however, on examination, that the act was but an amendment of the void act of March 1, 1877, *supra.* It must consequently be also void, since, "a valid law cannot be enacted by amending an invalid and void law." *Cowley* v. *Town of Rushville,* 60 Ind. 327.

By an act approved March 6, 1897, however, (Acts 1897, page 176, section 3333a, Horner 1897), it is admitted that the legislature has finally, by an independent statute, given to towns the power to license by ordinance the sale of intoxicating liquors. Still, although the act of 1897 may apply to all future cases, yet, as the ordinance before us was passed June 15, 1896, it is plain that this last act can have no effect in the case at bar.

But counsel for appellee cite us to an act approved March 31, 1879 (Acts 1879, p. 201), which, though overlooked by the compilers of the revision of 1881, and by all subsequent compilers of the statutes, and even by this court—in *Clevenger* v. *Town of Rushville,* 90 Ind. 258, where, by oversight, the void act of 1877, *supra,* was relied on—seems, nevertheless, to be a valid amendment of section 22 of the original act of 1852, and to have fully authorized the passage of the ordinance in question. The act was recognized as valid in *McKinney* v. *Town of Salem,* 77 Ind. 213.

The seventh clause of section 22 of the act of 1852, as so amended by the act of 1879, gives power to the trustees of towns, "To license, regulate, or restrain auction establishments, street auctions, and all tables, alleys, machines, de-

vices, and places for sports or games, kept for hire or pay, traveling peddlers, public exhibitions, and the sale of spirituous, vinous, malt, and other intoxicating liquors.   A sum not exceeding the amount required by the statutes of the state for license to sell or retail intoxicating liquors, may be required to be paid into the treasury of the corporation by the person so licensed before receiving such license."

While counsel for appellant, in their reply brief, candidly admit the validity of this act, and that it gave to the trustees of the appellee town power to pass an ordinance for licensing the sale of intoxicating liquors; yet they say that the ordinance is invalid for the reason that it required the appellant to pay a license fee of $100, whereas the statute last cited, and under which the ordinance, if valid, must have been passed, limited the license fee to be charged to "a sum not exceeding the amount required by the statutes of the State for a license to sell or retail intoxicating liquors," which sum then required by the State was, for a license to sell spirituous, vinous, and malt liquors, $100, and for a license to sell vinous, and malt liquors only, $50.    Acts 1875, p. 55, section 5316 R. S. 1881, section 7281 Burns 1894.    In other words, the contention is that, under the statutes then in force, appellant could not, in order to be permitted to sell beer, known by the court to be a malt liquor, be required to pay a license fee of more than $50, and could not, consequently, be fined for violating an ordinance which exacted a license fee of $100.

We do not think the limitation here sought to be placed upon the power of the town to exact a fee up to the sum of $100 "for license to sell or retail intoxicating liquors" can be established or maintained.    The town might, perhaps, have issued a license "to sell only vinous or malt liquors, or both, in quantities less than a quart at a time", as provided in the act of 1875, *supra*, and if it did so, possibly, under the act, could demand a fee of but $50.    The town, however, was not required to issue such a license, but might, as it did,

issue only a license "to sell spirituous, vinous, malt, or other intoxicating liquors in any quantity not less than a quart at a time." For such a license, to sell "intoxicating liquors" generally, even though not in quantities less than a quart at a time, it is evident, construing the acts of 1875 and 1879, *supra*, together, that the only limitation upon the fee to be charged is $100, that being the amount then "required by the statutes of the State for license to sell or retail intoxicating liquors."

The town was under no obligation, by the statutes then in force, to issue one license for selling spirituous, vinous, and malt liquors, and another to sell vinous and malt liquors alone. The only requirement was that the corporation should not exact a license fee "to sell or retail intoxicating liquors" greater than the fee exacted by the State. This the town, by its ordinance, did not attempt to do; and consequently no invalidity is shown in the ordinance.

Judgment affirmed.