## MACY v. BOARD OF COMMISSIONERS OF THE COUNTY OF MIAMI ET AL.

[No. 21,213. Filed February 20, 1908. Rehearing denied May 15, 1908.]

From Cass Circuit Court; *John S. Lairy,* Judge.

Action by Clarkson W. Macy against the Board of Commissioners of the County of Miami and others. From a judgment for defendants, plaintiff appeals. Transferred from Appellate Court under §1394 Burns 1908, cl. 2, Acts 1901, p. 565, §10. *Affirmed.*

*Bailey & Cole, Antrim & McClintic, Robert J. Loveland* and *Milton Krause,* for appellant.

*Frank D. Butler, Lawrence & Rhodes, Cox & Andrews, McConnell, Jenkines, Jenkines & Stuart* and *Merrill Moores,* for appellees.

JORDAN, J.—Appellant, a taxpayer of Miami county, Indiana, instituted this action in the Miami Circuit Court to enjoin appellee Board of Commissioners of the County of Miami from proceeding in the construction of a new court-house for said county, and to enjoin the enforcement of a contract between the board and its co-appellees, Lehman and Schmitt, relative to the construction of said court-house, upon the ground that all orders, proceedings and contracts made and had by the board of commissioners for the construction of the court-house were null and void. The venue of the cause was changed to the Cass Circuit Court. In the latter

court appellees demurred to the complaint for insufficiency of facts. This demurrer was sustained, appellant refused to plead further and elected to abide by his complaint, and thereupon the court rendered judgment against him on the demurrer.

From this judgment he appeals and assigns and alleges that there is manifest error presented by the record upon the ruling of the court in sustaining the demurrer to his complaint and demands a reversal of the judgment below. Appellees allege that there is no error.

The facts set up in the complaint for an injunction are substantially the same as those alleged in the answer involved in the appeal of *Kraus* v. *Lehman* (1908), *ante*, 408. Appellant prays an injunction, under the facts alleged in his complaint, on the grounds that the order of the board of commissioners made for the construction of the court-house in question and all proceedings had and contracts made by the board relative to the building of said court-house, are null and void because the board proceeded to act in the premises in violation of an act of the legislature approved February 21, 1899 (Acts 1899, p. 73, §5903 Burns 1908). The same questions are presented by the record in this appeal in respect to the constitutional validity of that statute as were presented and decided by this court in *Krause* v. *Lehman, supra.* Appellant, under his complaint prays that the order and proceedings of the board of commissioners be adjudged null and void because the construction of the court-house in question was not petitioned for by 500 resident freeholders of Miami county, as required by said act of 1899.

In *Kraus* v. *Lehman, supra,* we held said act invalid because it was antagonistic to article 4, §22, of the state Constitution. This appeal, under the facts, must be ruled by that decision, and the statute in question is, therefore, adjudged to be invalid for the reasons given in *Kraus* v. *Lehman, supra.* Consequently said act affords appellant no basis upon which to support his cause of action and the ruling of the lower court in sustaining the demurrer to the complaint was right.

Judgment affirmed.