## BOBERG ET AL. v. HARLEM ET AL.

[No. 24,059. Filed February 21, 1924.]

STATUTES.—*County and City Memorials of the World War.—Validity.*—The act of 1919 (Acts 1919 p. 562, §§5917a1-5917u1 Burns' Supp. 1921), providing for the construction by counties and cities of memorials for the soldiers and sailors of the World War, is neither special nor local, and therefore is not in conflict with Art. 4, §22 of the Constitution, forbidding the enactment of special or local laws regulating county business (*Board, etc.,* v. *State, ex rel.* [1904], 161 Ind. 616, and *Kraus* v. *Lehman* [1908], 170 Ind. 408, distinguished),

From Posey Circuit Court; *Thomas Duncan,* Special Judge.

Action by Fred A. Boberg and others against Jacob M. Harlem and others. From a judgment for defendants, plaintiffs appeal. *Affirmed.*

*John R. Brill, Frank H. Hatfield* and *John W. Brady,* for appellants.

*William Espenschied, James H. Blackburn* and *George F. Zimmerman,* for appellee.

EWBANK, C. J.—Appellants brought suit for an injunction and defendants answered by a denial. After hearing evidence, the trial court found in favor of the defendants, and entered a judgment that appellants take nothing, and that appellees recover their costs. Appellants filed a motion for a new trial, specifying as reasons that the decision is not sustained by sufficient evidence and is contrary to law. Overruling that motion is the only error assigned. The only question presented by the briefs or discussed by counsel is whether or not Acts 1919, ch. 115, pp. 562 to 571, relating to the construction of "memorials" by counties or cities, violates that provision of the Constitution of Indiana (Art. 4, §22, Constitution, §118 Burns 1914) which forbids the passage of local or special laws regulating county business. The complaint alleged that steps toward the construction in Posey county, Indiana, at the expense of said county, of a memorial for the soldiers and sailors of the war fought by the United States with Germany and Austria-Hungary had been taken under said statute, and that appellees had been made a board of trustees to act in the matter, and, as such board, had advertised for and received bids for the work of constructing such a memorial, and were intending to and unless enjoined would let contracts for its

construction at a cost exceeding $160,000, and, if this were done, the taxpayers of the county would have to pay such cost. The evidence fairly tended to prove the matters of fact so alleged.

Counsel for appellant cite and rely on two decisions of this court, each of which held an act of the legislature void, as being a local or special law regulating county business. "An act concerning the relocation of the county seat of Newton County," etc., (Acts 1899 p. 214) which provided that "in case less than sixty-five (65) per cent. of the voters of said Newton County vote in favor of the relocation of the county seat of said county, it shall be the imperative duty of the board of commissioners of said county, upon the presentation of the petition of 500 legal voters  *  *  *  to order the erection of a proper and suitable courthouse at the present county seat", and fixed the maximum cost and directed what should be done by the board of commissioners and by the county auditor, respectively, and how it should be done, was held to be local and special, as applying only to Newton County and the construction of a courthouse in the town of Kentland, and to be a regulation of county business in that it prescribed what should be done in the matter of constructing and paying for a county building. *Board, etc.,* v. *State, ex rel.* (1904), 161 Ind. 616, 69 N. E. 442.

And "An act concerning the construction of courthouses in counties having a population of more than 25,000" (Acts 1899, ch. 53, p. 73), which forbade the board of commissioners of any county having more than that population to order the construction of any courthouse in such county unless petitioned for by at least 500 reputable resident freeholders, with a proviso that nothing in the act should apply to the relocation and erection of court-houses pursuant to the provisions of an act of 1895 (p. 217) relating to counties having an

area of more than 500 square miles, was held to be unconstitutional because the limited number of counties to which it applied made it local and special, and the restrictions on the action to be taken by a board of county commissioners constituted a regulation of county business. *Kraus* v. *Lehman* (1908), 170 Ind. 408, 83 N. E. 714, 84 N. E. 769, 15 Ann. Cas. 849.

If these decisions be accepted as establishing that the Memorial Act of 1919, under which appellees were assuming to proceed, is an act "regulating county business", by reason of authorizing the erection of county buildings and providing the manner in which their erection shall be ordered, together with rules to be followed in erecting and paying for them, and the method by which money of the county shall be raised from the sale of bonds and the levy of taxes for that purpose, still they do not afford any support for the contention that the act is local or special. It purports to apply equally to every county in the state, and refers throughout to "the several counties in the state", to "any county", to "any board of commissioners", to the "memorial committee of any county", and to "any committee." It is not local nor special with reference to the counties to which it applies. And the constitution does not forbid the enactment of laws regulating county business, so long as they are neither local nor special. The objections to the constitutionality of the statute urged by appellants are not well founded.

The judgment is affirmed.