HEFFELFINGER ET AL. _v._ CITY OF FORT WAYNE ET AL.

[No. 23,843. Filed November 17, 1925.]

1. STATUTES.—_If an act is wholly void, subsequent act purporting to amend it is also void._—If an act of the legislature is wholly void, a subsequent act purporting to amend it is also void. p. 694.

2. COUNTIES.—_Act of 1921 amending, act of 1919 authorizing erection of memorial halls in certain counties did not apply to action pending when amendatory, act passed._—The act of 1921 (Acts 1921 p. 397) amending Acts 1919 p. 141, authorizing counties containing cities of certain populations to erect memorial halls, did not purport to legalize anything done before its passage nor in any way to operate retrospectively, and, therefore, did not apply to an action involving the constitutionality of the original act pending prior to the amendment. p. 694.

3. STATUTES.—_Act of 1919 authorizing, erection of coliseums, memorial halls and other memorial structures in counties having, city of certain population was applicable only to Allen county and therefore local and special._—The act of 1919 (Acts 1919 p. 141) authorizing counties in which there was located a city having a population not less than 60,000 nor more than 68,000 under the last preceding United States census, to construct a coliseum, memorial hall or other structure as a memorial to the soldiers and sailors of the World War, being obviously intended to apply only to Allen county and the city of Ft. Wayne, was a local and special law within the provisions of Art. 4, §22 of the Constitution (§125 Burns 1926, §118 Burns 1914). p. 695.

4. STATUTES.—*Local or special statute which regulates county, or township business or the assessment and collection of taxes for county, township or road purposes is void.*—Under the provisions ·of Art. 4, §22 ôf the Constitution (§125 Burns 1926, §118 Burns 1914), a local or special statute, which regulates county or township business or the assessment and collection of taxes for county, township or road purposes is void.    p. 695.

5. STATUTES.—*Statute authorizing construction of memorial hall in one particular county was unconstitutional because it regulated county business and provided for the levy and collection of taxes for county and township purposes.*—The act of 1919 (Acts 1919 p. 141) authorizing the construction of memorial halls in counties having a city therein of certain population "under the last preceding United States census" was unconstitutional because it was a local and special act regulating county business, and also because it provided for the levy and collection of taxes for county and township purposes, in violation of Art. 4, §22 of the Constitution (§125 Burns 1926, §118 Burns 1914).    p. 698.

From Allen Superior Court; *William N. Ballou,* Judge.

Suit by Chauncy L. Heffelfinger and others against the city of Ft. Wayne and others. From a judgment for defendants, the plaintiffs appeal. *Reversed.*

*Howard L. Townsend, Macbeth & Hogg* and *S. R. Alden,* for appellants.

*F. B. Shoaff, Guy Colerick* and *H. G. Hogan,* for appellees.

EWBANK, J.—Appellants filed a complaint praying that the several appellees, some of them acting as officers of the city of Fort Wayne, and others as a Board of Managers of Victory Hall of Allen county, Indiana, respectively, be enjoined from further action in the matter of acquiring a site and erecting a Victory Hall thereon at the expense of the county and city, pursuant to the provisions of ch. 55, Acts 1919 pp. 141-150, which act was alleged to be unconstitutional. A motion for a restraining order was overruled and portions of the

complaint were stricken out on motion of appellees, to each of which rulings, the appellants excepted.

A second paragraph of complaint was then filed, whereupon appellees filed a demurrer to both paragraphs because of their alleged failure to state facts sufficient to constitute a cause of action. The court sustained the demurrer, and appellants excepted. Each of said rulings has been assigned as error.

Each paragraph of the complaint alleged, in substance, that plaintiffs (appellants) are resident voters and taxpayers of Allen county, State of Indiana, and owners of property therein, part of them residing and owning property within the city of Fort Wayne and part outside the city, and that they brought this action for the benefit of themselves and others similarly situated; that pursuant to ch. 12, Acts 1915 pp. 23-29, and to an election held thereunder, the city of Fort Wayne had raised a fund of $225,000 by the sale of city bonds and the collection of city taxes, for the construction of an auditorium, and, at an expense of $35,000, had purchased a site and procured plans for such auditorium; that the site thus procured had certain enumerated advantages of location and surroundings; that thereafter ch. 55, Acts 1919 pp. 141-150, was enacted, and that petitions signed, respectively, by five freeholders of the city of Fort Wayne and five freeholders of each township of Allen county were presented to the ten defendants who were assuming to act as the "Board of Managers of Victory Hall," who thereupon adopted a declaratory resolution to "construct and maintain an auditorium or coliseum to be known as the Victory Hall of Allen County," capable of seating 7,500 to 10,000 people, "to cost not more than $1,500,000.00, and to be paid for by the county at large and not by special assessment," and gave notice by publication of the time when remonstrances and objections would be heard;

that on the date so advertised, said ten defendants, as such board of managers, confirmed and ratified their said declaratory resolution, and then applied for and obtained the consent of the State Board of Tax Commissioners that bonds of Allen county to the amount of $1,500,000 should be issued and sold for the purpose of buying a site and paying for the erection of a Victory Hall; that the city council of Fort Wayne passed and the mayor signed an ordinance for the sale of the auditorium site previously acquired by the city, and for turning over to said board of managers the said fund of $225,000; that the said ten defendants, acting as such board of managers, have selected a site for the proposed Victory Hall, which is alleged to be unsuitable and insufficient in certain particulars, and are preparing to, and unless restrained will, issue and sell bonds of Allen county and use the money in constructing such Victory Hall, with a seating capacity of 7,500 to 10,000; that those persons assuming to act as members of the board of managers who were not already holding public office have not taken an oath of office; that, by the United States census of 1920, Fort Wayne has a population of 86,549; and that defendants threaten to and unless restrained by an injunction will dispose of the city auditorium site, turn over to said board of managers all of the city auditorium fund, sell said bonds of the county, and use all of the money thus obtained in building the proposed Victory Hall as now planned.

The demurrer was for the alleged reason that neither paragraph of the complaint stated facts sufficient to constitute a cause of action; and defendants (appellees) say that all they are alleged to have done or to contemplate doing is expressly authorized by said act of 1919, while plaintiffs (appellants) insist that such act is unconstitutional and void. Therefore, the first question for decision is whether or not that act is constitutional.

The act, which was approved March 10, 1919, contains a preamble reciting the fact that 4,000,000 men who enlisted in the great war have returned to civil life, of whom "hundreds of thousands remain unemployed," and that "there is wisdom and justice in pushing public work as a means of providing employment for these idle soldiers and sailors at wages adjusted to the era of high prices, which always attend and follow a war." It enacts that in each county in which there is a city having a population of not less than 60,000 nor more than 68,000, "according to the last preceding United States census," a board of managers be created, composed of the mayor, one member of the board of public works, two members of the city council and one member each of the board of commissioners and the county council, to be selected, respectively, by said board of public works, city council, board of commissioners and county council, and four citizens chosen by these six members: and that "on or before May 1, 1919," the county auditor shall notify each of said boards and councils, who must thereupon choose their respective representatives on such board of managers "within 60 days"; and, upon a like notice, the six persons thus selected shall meet and choose the other four members "not more than 30 days thereafter," from persons who must have been nominated "not less than 10 nor more than 20 days thereafter." Failure to comply with any provision of the act is made a misdemeanor, punishable by a fine. Obviously, this law was only intended to apply, and could only apply to a county which, on May 1, 1919, and for ninety days thereafter, contained a city having the prescribed population as shown by the last preceding census. In other words, it could only apply to Allen county and the city of Fort Wayne.

Counsel for appellees do not seriously controvert the proposition that this was a local and special act at the

time it was passed. But they point to the fact that an act approved March 9, 1921, amended said act of 1919, so as to provide that in any city having a population of not less than 60,000 nor more than 68,000, according to the last preceding United States census, action shall be taken in the matter of organizing a board of managers "on or before May 1, 1919, and on or before May 1 of any year next after any county shall hereafter fall within the purview or scope of this act," and that, "in the event any proceeding shall be commenced under this act pursuant to petitions filed as in this act provided by the adoption of a declaratory resolution, said proceeding shall be continued to completion, and said building constructed and maintained, under and as provided in this act, notwithstanding the county in which said proceeding shall have been commenced ceases subsequent to the adoption of such declaratory resolution to have located therein a city of not less than 60,000 nor more than 68,000 according to the last preceding United States Census." §§1 and 2, ch. 160, Acts 1921 pp. 398, 400.

If an act is wholly void, a subsequent act purporting to amend it is also void. *Cowley* v. *Town of Rushville* (1878), 60 Ind. 327; *Copeland* v. *Town of Sheridan* (1898), 152 Ind. 107, 109, 51 N. E. 474.

1, 2.

But, even though the act of 1919 contained valid provisions enough to make the amendatory act of 1921 valid (as to which we do not find it necessary to decide anything), such amendatory act can have no application to the facts of the case at bar. The judgment appealed from was rendered July 6, 1920, and the case was pending in this court on appeal before the amendatory act of 1921 was passed. That act does not purport to legalize anything done before its passage nor in any way to operate retrospectively, but speaks only from and

after the date of its passage and approval, in March, 1921. *Tecumseh, etc., Mining Co.* v. *Buck* (1922), 192 Ind. 122, 130, 135 N. E. 484, and authorities cited.

But "the last preceding United States census" at that time was the census of 1920, which showed Fort Wayne to have a population in excess of 86,000, and not to be within the class of cities to which the act applied.

The local and special character of the act under consideration is emphasized by the fact that, at the same session of the legislature, an act authorizing any county in the state to construct and manage a building as a memorial to the soldiers and sailors of the late war with Germany and Austria-Hungary was enacted, which had been introduced before this one and was approved only four days after its approval (ch. 115, Acts 1919 p. 562), which act has been held valid. *Boberg* v. *Harlem* (1924), 194 Ind. 310, 142 N. E. 705.

The Constitution of Indiana forbids the passage of local and special laws in certain enumerated cases, among which are "regulating county and township business" and "the assessment and collection of taxes for * * * county, township or road purposes." Art. 4, §22, Constitution, §125 Burns 1926, §118 Burns 1914. Section one of the Act of 1919 p. 141, *supra*, provides for the creation of a "Board of Managers" consisting of ten officers and citizens selected as above stated, and that five votes shall be required to adopt resolutions or motions and to authorize any action by the board. Section two authorizes the board of managers, when petitioned to do so by five freeholders of the city and five freeholders of each of at least four-fifths of the townships in the county, to acquire real estate by purchase, gift or condemnation, and to erect thereon a building as an "auditorium, coliseum, exhibition, assembly, exposition, memorial or

victory hall," at a cost to be determined by a resolution of the board, subject to remonstrance by one-third or more of all the freeholders in the city and in the townships. Section three confers upon the board of managers the power of eminent domain to acquire a building site. Other sections of the act provide (in part) as follows: "§4. In the construction of said building upon the real estate so acquired said board shall in the adoption of plans and specifications, advertising for bids and letting of contracts proceed in the same manner as is provided by law for the construction of public buildings by the board of county commissioners of such county. §5. For the purpose of raising money to pay for the construction of said building said board shall issue bonds of the county not to exceed in amount \* \* \* (certain items making up the total cost) \* \* \* of a denomination not less than $50.00 each, and shall be issued in series \* \* \* said bonds to bear interest not higher than 5% per annum. \* \* \* The county treasurer shall sell said bonds \* \* \* at not less than their face value, and the proceeds shall be kept as a special fund of such county to be held as other public funds of such county to pay for the construction of said building, real estate and damages and said expenses, and shall be expended by the county treasurer upon warrant of the auditor as directed by said board. \* \* \* Said bonds shall be exempt from taxation for state, county, municipal and township purposes. §6. For the purpose of raising money to meet said bonds and interest thereon said board shall annually thereafter at the time the general tax levy is made levy a special tax upon the taxable property of the city and townships from which petitions have been filed \* \* \* and such special tax shall be levied and collected as other taxes, and shall be applied to the payment of such bonds and interest and to no other pur-

pose.   *   *   *   Provided said board may, if it determines that said building will be of public welfare to the entire county, construct the same as herein provided and issue the bonds of the county as a charge against all of the taxable property in such county to be paid from a general tax to be levied on all of the property of such county   *   *   *   §8.   Any such county is hereby authorized to expend such sum as may be recommended by said board prior to the final adoption of any resolution adopted hereunder for the printing of stationery and the payment of clerical and legal services.   In the event said building is to be constructed, the county council of such county shall, and it is hereby made its duty to, levy sufficient tax on the city and townships affected to raise money for preliminary surveys, plans, architects and legal services as requested by said board, the same to be returned to the county out of the proceeds of the sale of said bonds.   §9.   That said building when completed shall be under the exclusive and continuing charge and management of said board, which is hereby given power   *   *   *   from time to time to repair, maintain, alter and improve said building as it may deem necessary and proper in the same manner that other public buildings belonging to such county are repaired, maintained, altered and improved by the board of county commissioners of said county. §10.   Said board is hereby given power and authority to rent said building or any part thereof to any person or corporation for convention, exhibition, exposition, assemblage, meeting or other purposes.   *   *   *   *Provided, however,* such county and any city, town, township, school city or municipality in such county shall have the use of said building without the payment of such rental."

The question is whether a local and special act which authorizes the construction, by following the law as to

the adoption of plans, advertising for bids and
5. letting contracts which governs in the case of
county buildings, of a hall to be used by the
county and townships without charge and paid for with
warrants against the county treasury, payable out of
a "special fund of such county," consisting of the pro-
ceeds from the sale of tax exempt "bonds of the county,"
the principal and interest of which are to be met by a
tax upon all the property of the county or against all
the property in each of not less than four-fifths of the
townships in the county, as the board of managers shall
determine, to be "levied and collected as other taxes,"
and which provides for the continued maintenance and
management of such building, constitutes a law "regu-
lating county and township business," and is a law for
"the assessment and collection of taxes for county or
township purposes." This question must be answered
in the affirmative. A law which prescribes the method
of obtaining a site, procuring plans, advertising for
bids, letting contracts, and procuring and supervising
the construction of a building for the use of the county,
to be paid for with money of the county, regulates
county business. *Board, etc.,* v. *State, ex rel.* (1904),
161 Ind. 616, 69 N. E. 442; *Kraus* v. *Lehman* (1908),
170 Ind. 408, 83 N. E. 714, 84 N. E. 769, 15 Ann. Cas.
849; *Macy* v. *Board, etc.* (1908), 170 Ind. 707, 83 N.
E. 718.

And a local and special law for the levy and collec-
tion of taxes in certain townships or all the townships
of a single county to pay bonds of the county issued to
provide for the construction of a building to be used
by such county and townships is a local and special law
for the assessment and collection of taxes for county
and township purposes. Therefore, the act under con-
sideration is unconstitutional and void, and defendants
(appellees) were without any warrant of law to do the

threatened acts sought to be enjoined. The trial court erred in sustaining the demurrer to the complaint.

In view of the conclusion reached, we do not find it necessary to consider the other alleged errors assigned by appellant.

The judgment is reversed, with directions to overrule the demurrer to each paragraph of the complaint.